# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
SIMS, COOK and GALLAGHER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**First Lieutenant JASON H. BEAN**
**United States Army, Appellant**

ARMY 20100362

Joint Readiness Training Center and Fort Polk
Charles Hayes, Military Judge
Colonel Keith C. Well, Staff Judge Advocate

For Appellant: Captain John L. Schriver, JA (argued); Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Captain Tiffany K. Dewell, JA (on brief).

For Appellee: Captain Christopher S. Glascott, JA (argued); Major Amber J. Williams, JA; Major Ellen S. Jennings, JA; Captain Stephen E. Latino, JA; Major Mary E. Braisted (on brief).

6 March 2012

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of six specifications of failure to obey a lawful order, three specifications of indecent acts, one specification of conduct unbecoming an officer, seven specifications of child endangerment, and three specification of possession of child pornography in violation of Articles 92, 120, 133, and 134 of the Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 892, 920, 933 and 934. The military judge sentenced appellant to a dismissal, to be confined for ten years, and forfeiture of all pay and allowances for ten years. Pursuant to a pretrial agreement, the convening authority approved a dismissal, five years of confinement, and forfeiture of all pay and allowances for five years. The convening authority credited appellant with 143 days of confinement against the sentence to confinement. This case is before us for review pursuant to Article 66, UCMJ. Of the three assignments of error raised by appellant, two warrant discussion and one warrants relief.

**LAW AND DISCUSSION**

Appellant's second assignment of error alleges the military judge abused his discretion in accepting appellant's plea to Charge III and its Specification, conduct unbecoming an officer and a gentleman.  We review a military judge's acceptance of a guilty plea for an abuse of discretion.  *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).  "A military judge abuses this discretion if he fails to obtain from the accused an adequate factual basis to support the plea – an area in which we afford significant deference."  *Id.* at 322 (citing *United States v. Jordan*, 57 M.J. 236, 238 (C.A.A.F. 2002)).  If there is a substantial basis in law or fact for questioning the guilty plea, then the court may set aside the finding of guilt based on the plea.  *Inabinette at* 322 (C.A.A.F. 2008); *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996).  The military judge's questioning of the accused must elicit more than simple conclusions of law.  *United States v. Outhier,* 45 M.J. 326, 331 (C.A.A.F. 1996).

Appellant pleaded guilty to the Specification of Charge III which alleged:

> In that First Lieutenant (O-2) Jason H. Bean, U.S. Army, did, at or near Fort Polk, Louisiana, between on or about 1 February 2008 and 3 September 2009, dishonorably possess a short story entitled, "sex stories preteen girls hot incest.txt" a story which depicts an adult engaging in sexual acts with his 10 and 12 year-old cousins, conduct that was unbecoming of an officer and a gentleman.

After initially listing the elements of the charged offense, the military judge accepted appellant's plea to the Specification of Charge III following a brief five-question colloquy during the providence inquiry.[1]  Beyond stating that the subject matter of the story involved young children, appellant did not offer a specific description of any of the story's content.  The military judge did not ask appellant

---

[1] MJ:  Okay, as I understand it you possessed a short story.  Now what about possessing that short story was dishonorable or disgraceful?
 ACC:  The fact that the subject matter was of young children.
 MJ:  And you agree possessing that particular short story detracts from your standing as a commissioned officer?
 ACC:  Yes, your Honor.
 MJ:  And where did you possess that?
 ACC:  On my computer hard drive.
 MJ:  And that was where?
 ACC:  In my house.
 MJ:  And your house is located at Fort Polk?
 ACC:  Fort Polk.

2

any questions regarding the specific language contained in the story in an attempt to establish why possession of this particular story would constitute conduct unbecoming an officer and gentleman. The short story was not included as part of the record. The stipulation of fact (Prosecution Exhibit 1) references the short story, but merely states:

> . . . 1LT Bean possessed a short story entitled 'sex stories preteen girls hot incest.text'. The story depicts an adult male engaging in sexual acts with his ten and twelve year-old cousins. 1LT Bean downloaded this story from the internet while searching for pornographic material involving children. By possessing indecent items, it has dishonored and disgraced 1LT Bean personally and seriously compromised his standing as an officer by indicating he lacks certain moral attributes common to the ideal officer and perfect gentleman.

Because he elicited little more than simple conclusions of law, the military judge failed to obtain an adequate factual basis to support the appellant's plea. He therefore abused his discretion in accepting this plea and, accordingly, the finding of guilty to Charge III and its Specification is set aside.

Assignment of Error III alleges the convening authority erred by not properly acting on appellant's request for deferment of automatic forfeitures. Appellant alleges the failure of the convening authority to take action on appellant's request for deferral of forfeitures violated Rules for Courts-Martial [hereinafter R.C.M.] 1101 and 1103, which require that such action be in writing, provided to the accused and attached to the record of trial. Appellant also asserts the action "must include the reasons upon which the action is based." *United States v. Sloan*, 35 M.J. 4, 7 (C.M.A. 1992). Pursuant to R.C.M. 1101, if the convening authority denies the request for deferment, "the basis for the denial should be in writing and attached to the record of trial." The standard of review for determining whether post-trial processing was properly completed is de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004).

In response to this assignment of error, government counsel filed an affidavit, Government Appellate Exhibit 1, authored by the convening authority's staff judge advocate [hereinafter SJA]. In his affidavit, the SJA states he personally advised the convening authority concerning appellant's request for deferment of adjudged and automatic forfeitures and that the convening authority did receive, read, and consider appellant's request for deferment of forfeitures, which was contained in appellant's clemency matters submitted pursuant to R.C.M. 1105 and 1106.

The SJA also recounted that he recommended the convening authority "approve forfeiture of all pay and allowances for 5 years and not grant clemency in the form of disapproved or waived forfeitures." Pursuant to this recommendation,

the convening authority disapproved any deferment of forfeitures before action. According to the SJA, the convening authority denied deferment and waiver of forfeitures because the appellant had been convicted of serious offenses; appellant's wife had also been convicted; the children were staying with their grandfather; and the convening authority felt that appellant failed to show "his interests in deferring or waiving the forfeitures outweighed the community's interests in imposing the … forfeitures on their effective date." In the action, the convening authority approved the SJA's recommendation and denied clemency in the form of disapproved or waived forfeitures.

Government Appellate Exhibit 1 establishes the convening authority completed the requisite analysis of appellant's deferment request. This exhibit also establishes the convening authority denied the request using appropriate criteria. It now serves as the written instrument that has been provided to appellant's counsel and attached to the record as required by the R.C.M. As such, any error has been addressed and relief is not warranted.

## CONCLUSION

We have reviewed the matters personally raised by the appellant under *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find them to be without merit.

The finding of guilty to Charge III and its Specification is set aside and that charge and specification are dismissed. The court affirms the remaining findings of guilty.[2] Reassessing the sentence on the basis of dismissing the Specification of Charge III, the entire record, and applying the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, including Judge Baker's concurring opinion, 63 M.J. 40, 42 (C.A.A.F. 2006), the court affirms the sentence as approved by the convening authority.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[2] Appellant pleaded guilty and without objection to Specifications 1-4 of Charge IV and to Specifications 1-3 of Additional Charge III which did not expressly allege the terminal elements of child endangerment in violation of Article 134, UCMJ. We have considered this case in light of *United States v. Ballan*, ___ M.J. ___, slip op at 19 (C.A.A.F. 2012), and find no prejudice to the substantial rights of appellant.

4