# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class DEREK J. FORIT**
**United States Army, Appellant**

ARMY 20110537

Headquarters, Fort Drum
Paul Almanza, Military Judge
Lieutenant Colonel Robert L. Manley III, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Barbara A. Snow-Martone, JA (on brief).

For Appellee:  Major Thomas E. Brzozowski, JA; Major Robert A. Rodrigues, JA (on brief).

29 May 2013

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

GALLAGHER, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of absence without leave terminated by apprehension, absence without leave, and wrongful use of a controlled substance in violation of Articles 86 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 912a (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for six months, and reduction to the grade of E-1.  The convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for five months, and reduction to the grade of E-1.

This case is before us for review under Article 66, UCMJ.  Appellate counsel raised one issue to this court and appellant personally raised matters pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982).  We find the issue raised by

appellate counsel and the matters personally raised by appellant are without merit. However, we find an additional matter is worth discussion and relief.

## BACKGROUND

In the Specification of Charge I, appellant was charged with desertion with the intent to remain away permanently. Prior to trial, appellant entered into a pretrial agreement wherein he agreed to plead guilty to the lesser-included offense of absence without leave terminated by apprehension and to the remaining charged offenses in exchange for a cap on a sentence to confinement. In accordance with this pretrial agreement, appellant entered into a stipulation of fact. As part of the stipulation of fact, appellant agreed the facts contained in the stipulation could be considered:

> a. by the military judge and on appeal to determine the providence of the accused's guilty pleas;
>
> b. by the military judge and on appeal to determine the appropriate sentence, even if the evidence of such facts is deemed otherwise inadmissible; and
>
> c. by the convening authority to support a decision to grant or deny clemency, as appropriate.

Appellant further agreed that each enclosure attached to the stipulation of fact would be incorporated into the stipulation and considered for the same purposes.

At trial, consistent with the pretrial agreement, appellant pleaded guilty to being absent without leave from 27 January 2008 until his absence was terminated by apprehension on 28 April 2011. As part of the guilty plea inquiry, the military judge ensured appellant understood the stipulation of fact, as well as its enclosures, could be used to determine appellant's guilt to the charged offenses and in determining an appropriate sentence. Additionally, the military judge ensured appellant admitted the contents contained in the stipulation of fact and its enclosures were true, accurate, and uncontradicted. The military judge engaged in the following dialogue with appellant:

> MJ: [Appellant], a stipulation of fact ordinarily cannot be contradicted. If it should be contradicted after I have accepted your guilty plea then I will reopen this inquiry. You should therefore let me know if there is anything whatsoever you disagree with or feel is untrue. Do you understand that?

2

> MJ:  At this time I want you to read your copy of the
> stipulation silently to yourself, as I read it to myself.
>
> ACC:  Yes, sir.
>
> MJ:  And please look up when you are done.  Also, make
> sure you read the entire document with all the enclosures.

Appellant then read Prosecution Exhibit 1 and its enclosures.  Following his acknowledgment of two administrative mistakes in the enclosures, the dialogue continued as follows:

> MJ:  [appellant] have you read Prosecution Exhibit 1 for
> identification?
>
> ACC:  Yes, Sir.
>
> MJ:  And is everything in that stipulation of fact true?
>
> ACC:  Yes, it is, sir.
>
> MJ:  Is there anything in the stipulation that you do not
> wish to admit is true?
>
> ACC:  No, sir.

A sworn statement provided by appellant on 9 May 2011 was attached to the stipulation of fact as an enclosure.  Within the sworn statement, appellant described the circumstances surrounding his return to military control.  He stated:

> I found out the sheriff had a warrant for me from the Army
> by my fiance's [sic] aunt.  She drove over to my house to
> tell me and I told her to send him to my house.  So she
> called him back while I was with her and I waited for him
> to show up.  He took me to jail and I was released the next
> night with orders to report back here.

The military judge then, separately, questioned appellant on his guilt to the charged offenses.  At the outset of the questioning, the military judge listed the elements for absence without leave terminated by apprehension but did not provide any definitions for the offense.  Appellant acknowledged he understood and admitted

3

the elements as set forth by the military judge.  In regards to his absence being terminated by apprehension, appellant stated:

> I had just gotten off work and I came home, and a sheriff knocked on my door about an hour later saying I had an arrest warrant for desertion from the military, and they took me to jail and I was confined for 1 day, and I was released and I bought my own plane ticket and came back up here, sir.

Based on his questions and appellant's responses, the military judge found appellant's plea provident and accepted it.  The military judge did not question appellant on the apparent inconsistency between the attached enclosure and appellant's statements during the *Care* inquiry concerning appellant's return to military control.

## LAW AND DISCUSSION

For the reasons set forth below, we find a substantial basis in law and fact for questioning the military judge's acceptance of appellant's guilty plea to absence without leave terminated by apprehension.  However, we find the guilty plea inquiry establishes appellant's guilt to the lesser-included offense of absence without leave.

We review a military judge's acceptance of an accused's guilty plea for an abuse of discretion.  *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008); *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996). "In doing so, we apply the substantial basis test, looking at whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *Inabinette*, 66 M.J. at 322. "The military judge shall not accept a plea of guilty without making such inquiry of the accused as shall satisfy the military judge that there is a factual basis for the plea." In order to establish an adequate factual predicate for a guilty plea, the military judge must elicit "factual circumstances as revealed by the accused himself [that] objectively support that plea[.]" *United States v. Davenport*, 9 M.J. 364, 367 (CMA 1980).

If an accused sets up a matter inconsistent with the plea at any time during a guilty plea proceeding, the military judge must resolve the conflict or reject the plea. UCMJ art. 45(a); *see also* Rule For Courts-Martial [herinafter R.C.M.] 910(h)(2). Moreover, this court has held that "[t]o resolve a matter inconsistent with a guilty plea, the military judge must, therefore, identify the particular inconsistency at issue and explain its legal significance to the accused who must then retract, disclaim, or explain the matter." *United States v. Rokey*, 62 M.J. 516, 518 (Army Ct. Crim. App. 2005).

4

To sustain appellant's plea of guilty to absence without leave terminated by apprehension, the facts, as provided by appellant, must unequivocally establish appellant's absence was terminated by apprehension. The *Manual for Courts-Martial* defines apprehension by civilian authorities at the request of the military as requiring an absentee to be "taken into custody by civilian authorities at the request of military authorities." *Manual for Courts-Martial*, United States (2008 ed.) [hereinafter MCM], pt IV, ¶ (c)(10)(a). To establish an absence was terminated by apprehension, for purposes of Article 86, UCMJ, "the facts on the record must establish [the] return to military control was involuntary." *United States v. Gaston*, 62 M.J. 404, 405 (C.A.A.F. 2006). "Apprehension contemplates termination of the accused's absence in an involuntary manner; and termination otherwise is an absence ended freely and voluntarily." *Id.*, citing *United States v. Fields*, 13 U.S.C.M.A. 193, 196, 32 C.M.R. 193, 196 (1962).

During the colloquy with the military judge, appellant admitted his return to military control was initiated by the local sheriff following a request by military authorities. Specifically, appellant informed the military judge that the sheriff, pursuant to a deserter warrant, knocked on appellant's door, informed him of the warrant, and took him to jail. However, in appellant's sworn statement, dated 9 May 2011, which was attached to the stipulation of fact as an enclosure, appellant maintains he initiated contact with the local sheriff after learning about a warrant for his arrest from a friend. The mere fact that a deserter warrant exists does not resolve the nature of the eventual apprehension. An inconsistency exists in the record between whether appellant was apprehended or voluntarily surrendered to military control. This inconsistency should have been resolved by the military judge. *See* UCMJ art. 45(a) (the military judge must resolve any inconsistency raised or reject the plea).

Accordingly, we find there is a substantial basis in law and fact to question appellant's plea of guilty to absence without leave terminated by apprehension. We are, however, confident appellant's *Care* inquiry establishes appellant's guilt to the lesser-included offense of absence without leave. *See United States v. Care,* 40 C.M.R. 247, 253 (C.M.A. 1969). As such, we will take appropriate action in our decretal paragraph.

**CONCLUSION**

Upon consideration of the entire record, including those matters personally raised by appellant pursuant to *Grostefon*, in regards to Charge I and its Specification, we affirm only a conviction for the lesser-included offense of absence without leave. The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sale*s, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F.2006), to include the factors identified by Judge Baker

FORIT— ARMY 20110537

in his concurring opinion, the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for four months, and reduction to the grade of E-1.

Senior Judge COOK and Judge HAIGHT concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court