# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 JAMES A. CRAWFORD**
**United States Army, Appellant**

ARMY 20110765

III Corps and Fort Hood
Gregory A. Gross, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Captain John L. Schriver, JA; Captain Brian J. Sullivan, JA (on brief).

For Appellee:  Major Catherine L. Brantley, JA; Captain Rachael T. Brant, JA (on brief).

28 June 2013

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

MARTIN, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of absence without leave terminated by apprehension, and wrongful possession of spice, in violation of Articles 86 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for six months, forfeiture of $978.00 per month for six months, and reduction to the grade of E-1. The convening authority approved the adjudged sentence, and credited appellant with two days of confinement against the sentence to confinement.

This case is before us for review under Article 66, UCMJ.  Appellate counsel raised two issues to this court and appellant personally raised matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  One of the raised errors warrants discussion and relief.

## BACKGROUND

Prior to trial, appellant entered into a pretrial agreement wherein he agreed to plead guilty to all charges and specifications. At trial, consistent with the pretrial agreement, appellant pleaded guilty to being absent without leave from 24 May 2005 until his absence was terminated by apprehension on 4 January 2011.

The military judge then questioned appellant on his guilt to the charged offenses. At the outset of the questioning, the military judge listed the elements for absence without leave terminated by apprehension and defined apprehension by providing the following instruction:

> "Apprehension" means that the accused's return to military control was involuntary. It must be shown that neither the accused nor persons acting at his request initiated the return.

*See* Dep't of Army, Pam. 27-9, Legal Services: Military Judges' Benchbook [hereinafter Benchbook], para. 3-10-2(d) (1 Jan. 2010). Appellant acknowledged he understood and admitted the elements as set forth by the military judge. The military judge then engaged in the following colloquy with appellant regarding the absence without leave charge, alleged to have been terminated by apprehension:

> ACC: On 4 January 2011, I was arrested in my hometown of Haleyville, Alabama, by my local police department. They came to my work place with a warrant, arrested me, and took me back to Winston County Jail. I was held there until I was transferred back to military control. And also with the additional ----
>
> MJ: Hold on one second, Private Crawford.
>
> ACC: Yes, sir.
>
> MJ: Let me just ask you a couple of questions about the first one. So at any time in between the 24th of May of 2005 and 4th of January 2011, did you attempt to turn yourself back into military control?
>
> ACC: No, sir.
>
> MJ: Alright, at any time between those dates, did you think that you had authority to be gone?
>
> ACC: No, sir.

2

> MJ: You told me that you didn't; but by any chance, did you think that you did?
>
> ACC: No, sir.
>
> MJ: Okay. Tell me about the possession of the spice.

The foregoing colloquy constituted the entirety of the plea inquiry conducted by the military judge on the absence without leave offense. Based on his questions, appellant's responses, and the stipulation of fact, the military judge accepted appellant's plea as provident.

## LAW AND DISCUSSION

We review a military judge's acceptance of an accused's guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008); *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996). "[I]n reviewing a military judge's acceptance of a plea for an abuse of discretion [we] apply a substantial basis test: Does the record as a whole show a substantial basis in law and fact for questioning the guilty plea." *Id.* at 322 (quoting *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)) (internal quotation marks omitted). There exists a substantial basis in fact to question a plea of guilty where a military judge "fails to obtain from the accused an adequate factual basis to support the plea." *Id.* (citing *United States v. Jordan*, 57 M.J. 236, 238 (C.A.A.F. 2002)). In order to establish an adequate factual predicate for a guilty plea, the military judge must elicit "'factual circumstances as revealed by the accused himself [that] objectively support that plea[.]'" *Jordan*, 57 M.J. at 238 (quoting *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A. 1980)) (alterations in original).

In this case, there exists a substantial basis to question the providence of appellant's plea to absence without leave *terminated by apprehension*. We conclude that the facts, as provided by appellant, do not unequivocally establish that his absence was terminated by apprehension. To establish an absence was terminated by apprehension, for purposes of Article 86, UCMJ, "the facts on the record must establish [the] return to military control was involuntary." *United States v. Gaston*, 62 M.J. 404, 405 (C.A.A.F. 2006). "Apprehension contemplates termination of the accused's absence in an involuntary manner; and termination otherwise is an absence ended freely and voluntarily." *Id.* (citing *United States v. Fields*, 13 U.S.C.M.A. 193, 196, 32 C.M.R. 193, 196 (1962)).

During the colloquy with the military judge, appellant provided a "bare bones" explanation of the arrest. He did not provide the judge with the nature of the warrant, nor did he suggest whether the civilian arrest was made at the request of the military. He did not indicate one way or another if he provided any information to

3

civilian authorities upon his arrest that may have changed the character of his return to military control to one that was voluntary. Moreover, the military judge did not ask any questions regarding the arrest to help explain the facts and circumstances. Indeed, it is fair to say that similar to the appellant's providence inquiry in *Gaston*, the inquiry here was "exceptionally brief." *Gaston*, 62 M.J. at 406.

To assist in our review of the adequacy of the plea, we next review the stipulation of fact. *See id.* (citing to the lower court's description of the colloquy to justify examining the entire record to determine whether facts to support the plea were established); *Jordan*, 57 M.J. at 239 (providing a broader interpretation of Article 45, UCMJ, and Rule for Courts-Martial 910(e), and expanding review of a plea beyond the providence inquiry). The stipulation in appellant's case provides, in relevant part:

> The accused remained away from the Army and did not return to Fort Hood until he was apprehended by the local police in Haleyville, Alabama 4 January 2011. Thereafter, the accused was held in the Winston County Jail, Alabama until transferred to Fort Hood, Texas.

The foregoing paragraph contained in the stipulation of fact is similarly unhelpful in establishing the element of termination by apprehension, in that it fails to address whether appellant's return to military control was voluntary or involuntary.

Thus, while, the providence inquiry and the stipulation of fact clearly establish that civilian authorities arrested appellant and then he was transferred to military control, it does not automatically follow that the return to military control was involuntary.[1] Therefore, looking at the record in its entirety, we find there is a substantial basis in fact to question appellant's plea that his absence was terminated

---

[1] Although the military judge defined "apprehension" for appellant, his inquiry on the subject essentially ended there. However, had appellant's case been tried before a panel, the military judge would have instructed that an arrest by civilian authorities and return to military control does not, by itself, prove that an accused's absence was terminated by apprehension. Benchbook, para. 3-10-2. Rather, it is some evidence that the panel can consider in deciding whether the accused's absence ended voluntarily or involuntarily. Had this instruction been discussed with appellant during the providence inquiry, it may have clarified how his absence was terminated.

4

by apprehension.[2]  We are, however, confident that the military judge's inquiry is minimally sufficient to establish appellant's guilt to the lesser-included offense of absence without leave.

## CONCLUSION

Accordingly, upon consideration of the entire record, including those matters personally raised by appellant pursuant to *Grostefon*, the court affirms only so much of the findings of guilty of Charge I and its specification as finds that appellant did, on or about 24 May 2005, without authority, absent himself from his unit, to wit: Bravo Company, 1st Battalion, 12th Cavalry Regiment, 4th Brigade Combat Team, 4th Infantry Division, located at Fort Hood, Texas, and did remain so absent until on or about 4 January 2011.  The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the sentence as approved by the convening authority is AFFIRMED.  All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.  *See* UCMJ art. 75(a).

Senior Judge KERN and Judge ALDYKIEWICZ concur.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court

---

[2]  Even when expanding our evaluation to the remainder of the record, we conclude there is insufficient information to resolve the issue of termination by apprehension. There is no further evidence on this issue prior to the military judge's acceptance of appellant's plea, and only one passing comment during presentencing that appellant "didn't come back on his own."