# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 ROBERT L. DAVIS, JR.**
**United States Army, Appellant**

ARMY 20120244

Headquarters, III Corps and Fort Hood
Gregory A. Gross, Military Judge
Lieutenant Colonel Craig E. Merutka, Acting Staff Judge Advocate

For Appellant:  Major Jacob D. Bashore, JA; Captain Brian J. Sullivan, JA (on brief).

For Appellee:  Major Robert A. Rodigues, JA; Captain Daniel H. Karna, JA (on brief).

29 July 2013

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

CAMPANELLA, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of two specifications of desertion terminated by apprehension in violation of Article 85, Uniform Code of Military Justice, 10 U.S.C. §§ 885 (2006) [hereinafter UCMJ].  The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for three months, and forfeiture of $994.00 pay per month for three months.

This case is before us for review under Article 66, UCMJ.  Appellate counsel assigned two errors to this court and appellant personally raised matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  One of the assigned errors warrants discussion and relief.

## BACKGROUND

Prior to trial, appellant entered into a pretrial agreement wherein he agreed to plead guilty to The Charge and its specifications. At trial, consistent with the pretrial agreement, appellant pleaded guilty to the charged offense.

The military judge then questioned appellant on his plea. At the outset of the questioning, the military judge listed the elements for desertion terminated by apprehension and defined apprehension as follows:

> Apprehension [means] that your return to military control was involuntary, that is, that neither you nor person's [sic] acting at your request initiated your return.

The military judge did not further explain that mere proof an accused is apprehended by civilian authorities is insufficient to establish that an accused's return to military control was involuntary.[1] Appellant acknowledged he understood

---

[1] The remainder of the relevant definition provided in the Military Judges' Benchbook provides:

> That the accused was apprehended by civilian authorities, for a civilian violation, and was thereafter turned over to military control by the civilian authorities, does not necessarily indicate that the accused's return was involuntary. Such return may be deemed involuntary if, after the accused was apprehended, such civilian authorities learned of the accused's military status from someone other than the accused or persons acting at his request.

> In addition, the return may be involuntary if, after being apprehended by civilian authorities, the accused disclosed his identity as a result of a desire to avoid trial, prosecution, punishment, or other criminal action at the hands of such civilian authorities. However, if the accused disclosed his identity to the civilian authorities because of the accused's desire to return to military control, the accused's return should not be deemed involuntary or by apprehension.

(. . . continued)

DAVIS—ARMY 20120244

the military judge's definition and admitted the elements as set forth by the military judge. The military judge then engaged in the following colloquy with appellant regarding the termination by apprehension element of Specification 2 of The Charge:

> MJ: Okay. All right. And then how did you come back under military control when you left that time?
>
> ACC: I was arrested, sir. I forgot to turn my headlights on when I left the bank and they pulled me over and run [sic] my name. I had a warrant out. I was arrested, held in Baldwin County jail for eight days and then the MPs brought me back here, sir.
>
> . . . .
>
> MJ: At any time in between those dates did you attempt to turn yourself back in to military control?
>
> ACC: No, sir.

The foregoing colloquy constituted the entirety of the plea inquiry conducted by the military judge on the element of terminated by apprehension.[2] Based on his questions, appellant's responses, and the stipulation of fact, the military judge accepted appellant's plea as provident.

------

(. . . continued)

> The arrest of an accused by civilian authorities does not, in the absence of special circumstances, terminate his unauthorized absence by apprehension where the record does not show such apprehension to have been conducted with or done on behalf of the military authorities. Thus, in the absence of special circumstances, mere apprehension by civilian authorities does not sustain the government's burden of showing the return to military control was involuntary.

Dep't of Army, Pam. 27-9, Legal Services: Military Judges' Benchbook, para. 3-10-2 (1 Jan. 2010).

[2] The colloquy between the military judge and appellant regarding the apprehension element of Specification 1 of The Charge was equally as sparse. However, as discussed *infra*, the stipulation of fact clearly established appellant's first absence was terminated by apprehension pursuant to a military deserter warrant.

**LAW AND DISCUSSION**

We review a military judge's acceptance of an accused's guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008); *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996). "[I]n reviewing a military judge's acceptance of a plea for an abuse of discretion [we] apply a substantial basis test:  Does the record as a whole show a substantial basis in law and fact for questioning the guilty plea." *Id.* at 322 (quoting *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)) (internal quotation marks omitted).  There exists a substantial basis in fact to question a plea of guilty where a military judge "fails to obtain from the accused an adequate factual basis to support the plea." *Id.* (citing *United States v. Jordan*, 57 M.J. 236, 238 (C.A.A.F. 2002)).  In order to establish an adequate factual predicate for a guilty plea, the military judge must elicit "'factual circumstances as revealed by the accused himself [that] objectively support that plea[.]'" *Jordan*, 57 M.J. at 238 (quoting *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A. 1980)) (alterations in original).

In this case, there exists a substantial basis in fact to question the providence of appellant's plea to desertion terminated by apprehension in regards to Specification 2 of The Charge.  To establish that an absence was terminated by apprehension, "the facts on the record must establish [the] return to military control was involuntary." *United States v. Gaston*, 62 M.J. 404, 405 (C.A.A.F. 2006).  "Apprehension contemplates termination of the accused's absence in an involuntary manner; and termination otherwise is an absence ended freely and voluntarily." *Id.* (citing *United States v. Fields*, 13 U.S.C.M.A. 193, 196, 32 C.M.R. 193, 196 (1962)).  Mere proof of apprehension by civilian authorities is insufficient to establish that a return to military control is involuntary. *Id.*  Rather, in order to establish the absence was terminated by apprehension, the record must indicate the apprehension was "connected with or **done on behalf of the military authorities**." *Id.* at 197.  (emphasis added).

Here, the military judge failed to provide the entire detailed definition from the Military Judges' Benchbook regarding apprehension and further failed to elicit a sufficient factual predicate to establish the appellant's absence was terminated by apprehension.  During the plea colloquy, appellant merely stated the civilian authorities informed him he "had a warrant out."  This broad statement simply does not establish the warrant was issued by military authorities for appellant's deserter status or whether the warrant was issued by civilian authorities for other matters.  Nor did appellant indicate he provided any information to civilian authorities upon his arrest that may have changed the character of his return to military control to one that was voluntary.  We note that had the military judge provided the full Benchbook instruction regarding apprehension, the likelihood of this element not being established would have been greatly reduced.

To assist in our review of the adequacy of the plea, we next review the stipulation of fact. The stipulation in appellant's case provides, in relevant part:

> The accused was again arrested by civilian authorities on 9 November 2011 and the Accused was present for duty seven (7) days later, on 16 November 2011. The command prepared the appropriate DA Forms 4187 to reflect that the Accused was changed from Dropped From Rolls to Confined Civilian Authority (9 November 2011) and then Present for Duty (16 November 2011) . . . .

The foregoing paragraph contained in the stipulation of fact is similarly and equally unhelpful in establishing the element of termination by apprehension, in that it fails to address whether appellant's return to military control was voluntary or involuntary and whether the warrant was issued at the behest of the military. In contrast, regarding Specification 1 of The Charge, the stipulation of fact clearly established the warrant at issue was a "deserter" warrant issued at the request of military authorities. In relation to appellant's first arrest, the stipulation of fact provided:

> Alabama police discovered that the Accused had a deserter warrant when he applied for a Commercial Drivers License (CDL) pursuant to his duties as a Baldwin County Commission Employee. Conechuh County, Alabama police officers arrested him at or near his place of employment. The desertion ended that day, because the Accused was arrested specifically pursuant to the deserter warrant . . . .

Thus, the stipulation of fact only further complicates the issue at hand as it is clear appellant's first absence was terminated by apprehension while the same cannot be said for appellant's second absence. The stipulation of fact simply does not address the nature of the warrant for Specification 2 of The Charge. We are, however, confident that the military judge's inquiry is sufficient to establish appellant's guilt to desertion not terminated by apprehension.

## CONCLUSION

Accordingly, upon consideration of the entire record, including those matters personally raised by appellant pursuant to *Grostefon*, we affirm only so much of the findings of guilty of Specification 2 of The Charge as finds that appellant did, on or about 16 May 2011 without authority and with the intent to remain away therefrom permanently, absent himself from his unit, to wit: 1st Battalion, 7th Cavalry Regiment (Rear)(Provisional), 1st Brigade Combat Team (Rear)(Provisional), 1st

Cavalry Division (Rear)(Provisional), located at Fort Hood, Texas, and did remain so absent in desertion until on or about 9 November 2011.

The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the sentence as approved by the convening authority is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored. *See* UCMJ art. 75(a).

Senior Judge COOK and Judge HAIGHT concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court