# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant First Class HOLLY C. HARRISON**
**United States Army, Appellant**

ARMY 20120345

U.S. Army Military District of Washington
Colonel Denise R. Lind, Military Judge (arraignment)
Colonel Scott R. Lawson, Military Judge (trial)
Colonel Cory Bradley, Staff Judge Advocate

For Appellant: Lieutenant Colonel Imogene W. Jamison, JA; Major Richard E. Gorini, JA; Captain Robert N. Michaels, JA (on brief).

For Appellee: Major Robert A. Rodrigues, JA; Major Catherine L. Brantley, JA; Captain Michael J. Frank, JA (on brief).

13 August 2013

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

CAMPANELLA, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to her pleas, of one specification of absence without leave terminated by apprehension and two specifications of absence without leave (AWOL), each in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 (2006) [hereinafter UCMJ]. The military judge sentenced the appellant to a bad-conduct discharge, confinement for five months, and reduction to E-5. The convening authority approved the adjudged sentence and credited the appellant with 147 days of confinement credit.[1]

---

[1] At action, the convening authority noted, "[r]eduction to Private (E-1) is required in accordance with Article 58a, UCMJ, and is effective the date of this action."

HARRISON—ARMY 20120345

This case is before us for review under Article 66, UCMJ. Appellate counsel assigned two errors to this court and appellant personally raised matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). One of the assigned errors warrants discussion and relief. The remaining assignment of error and those matters raised pursuant to *Grostefon* are without merit.

## BACKGROUND

Appellant was charged with one specification of desertion terminated by apprehension, in violation of Article 85, UCMJ, and two specifications of Article 86, UCMJ. Prior to trial, appellant entered into a pretrial agreement wherein she agreed to plead guilty to two AWOL specifications and not guilty to desertion, but guilty to the lesser included offense of AWOL terminated by apprehension, in violation of Article 86, UCMJ.

At trial, the appellant entered pleas of guilty consistent with the pretrial agreement. The military judge then proceeded to question appellant on her plea. At the outset of the questioning, the military judge listed the elements for AWOL terminated by apprehension and defined apprehension as follows:

> "Apprehension" means that your return to military control
> was involuntary, and was not initiated by yourself, or
> persons acting at your request initiated your return.

The military judge did not provide any further definition of apprehension. Specifically, the military judge did not explain that mere apprehension by civilian authorities, in the absence of special circumstances, does not necessarily amount to termination by apprehension where the record does not show such apprehension to have been conducted with or done on behalf of the military authorities. Nor did he explain that without further explanation of the voluntary nature of the termination, arrest alone is insufficient to establish that an accused's return to military control was involuntary.[2] Appellant acknowledged she understood the military judge's abridged definition and admitted the elements as set forth by the military judge.

---

[2] The remainder of the relevant definition provided in the Military Judges' Benchbook provides:

> That the accused was apprehended by civilian authorities,
> for a civilian violation, and was thereafter turned over to
> military control by the civilian authorities, does not
> necessarily indicate that the accused's return was
> involuntary. Such return may be deemed involuntary if,

(. . . continued)

2

The military judge then engaged in the following colloquy with appellant regarding the termination by apprehension element of the Specification of Charge I:

> MJ:  What happened on 15 November?
>
> ACC:  I received a phone call from the Montgomery Police Department; they called and said my mother had called in and was concerned about my safety, and asked if I was alright.  I explained to them I was fine.  They repeated several times, asking if I was okay; I told them that yes, I was okay.  They said 'per protocol, we need to come to your apartment' and I told them 'not a problem.'  They showed up at my apartment, and began asking me different things – was I okay, looked through the apartment, asked

---

(. . . continued)

> after the accused was apprehended, such civilian authorities learned of the accused's military status from someone other than the accused or persons acting at his request.
>
> In addition, the return may be involuntary if, after being apprehended by civilian authorities, the accused disclosed his identity as a result of a desire to avoid trial, prosecution, punishment, or other criminal action at the hands of such civilian authorities.  However, if the accused disclosed his identity to the civilian authorities because of the accused's desire to return to military control, the accused's return should not be deemed involuntary or by apprehension.
>
> The arrest of an accused by civilian authorities does not, in the absence of special circumstances, terminate his unauthorized absence by apprehension where the record does not show such apprehension to have been conducted with or done on behalf of the military authorities.  Thus, in the absence of special circumstances, mere apprehension by civilian authorities does not sustain the government's burden of showing the return to military control was involuntary.

Dep't of Army, Pam. 27-9, Legal Services: Military Judges' Benchbook, para. 3-10-2 (1 Jan. 2010).

> if I had any weapons.  I told them I didn't have anything other than kitchen knives.  Then **I informed them** that I was AWOL from the military, and they led me out of the apartment building and turned me over to the military police.
>
> . . . .
>
> MJ:  I want to ask you again about your interaction with them [the police].  What happened when they got to your apartment?
>
> ACC:  I let them in, your Honor, and they just asked me questions, asked if anyone else was in the apartment – I told them there wasn't.  They were looking around the rooms, asking if I had any weapons; I told them that I didn't have anything but kitchen knives. They asked me if I had a gun, I told them I did not. So they just continued questioning like that – asked me for my ID, asked me where I worked, **and I told them** I was AWOL. (emphasis added)

According to appellant, the police did not inform her, prior to her disclosure, that they believed she was AWOL.  Appellant testified that while she was aware of her mother's phone call to the police, she was unaware that her mother had informed them that appellant was AWOL.[3]

Following appellant's admissions regarding her surrender to military authorities, the judge became concerned about the issue of voluntariness as it related to the termination by apprehension.  The military judge then requested both government and defense comment on this issue.  Appellant's defense counsel suggested appellant would still be provident to an AWOL over thirty days, but not to the termination by apprehension.  In contrast, the government argued that because the police were informed by appellant's parents of her AWOL status prior to her disclosure, the absence was terminated by apprehension.

Following argument by counsel, the military judge continued questioning appellant.  The military judge specifically asked appellant if her return to military control was voluntary and whether she would have surrendered herself to authorities that day had the police not come to her home.  Appellant informed the judge she

---

[3] During the providence inquiry appellant admitted her mother had previously informed the police of appellant's mental health issues and of her AWOL status. However, appellant was unaware of this fact when she voluntarily admitted being AWOL from the military.

would not have turned herself in that day had the police not come to her home and that her return to military control was involuntary.

Based on his questions, the appellant's responses, the responses provided by both counsel, and the stipulation of fact, the military judge accepted appellant's plea as provident.

## LAW AND DISCUSSION

We review a military judge's acceptance of an accused's guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008); *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996). "[I]n reviewing a military judge's acceptance of a plea for an abuse of discretion [we] apply a substantial basis test: Does the record as a whole show a substantial basis in law and fact for questioning the guilty plea." *Id.* at 322 (quoting *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)) (internal quotation marks omitted). There exists a substantial basis in fact to question a plea of guilty where a military judge "fails to obtain from the accused an adequate factual basis to support the plea." *Id.* (citing *United States v. Jordan*, 57 M.J. 236, 238 (C.A.A.F. 2002)). In order to establish an adequate factual predicate for a guilty plea, the military judge must elicit "'factual circumstances as revealed by the accused himself [that] objectively support that plea[.]'" *Jordan*, 57 M.J. at 238 (quoting *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A. 1980)) (alterations in original).

In this case, there exists a substantial basis in fact to question the providency of appellant's plea to absence without leave terminated by apprehension in regards to the Specification of Charge I. To establish that an absence was terminated by apprehension, "the facts on the record must establish [the] return to military control was involuntary." *United States v. Gaston*, 62 M.J. 404, 405 (C.A.A.F. 2006). "Apprehension contemplates termination of the accused's absence in an involuntary manner; and termination otherwise is an absence ended freely and voluntarily." *Id.* (citing *United States v. Fields*, 13 U.S.C.M.A. 193, 196, 32 C.M.R. 193, 196 (1962)). Mere proof of apprehension by civilian authorities is insufficient to establish that a return to military control is involuntary. *Id.* Rather, in order to establish the absence was terminated by apprehension, the record must indicate the apprehension was "connected with or done on behalf of the military authorities." *Id.* at 197.

Here, the military judge failed to elicit a sufficient factual predicate to establish the appellant's absence was terminated by apprehension. While appellant did state she would not have turned herself in that day but for the police coming to her home, she was clear that she did not know at the time she voluntarily disclosed her AWOL status that the police were already aware she was AWOL. Further, the record does not establish that the accused disclosed her status to avoid trial,

prosecution, punishment, or other criminal action at the hands of such civilian authorities. In fact, the record does not establish that the police would have arrested her, but for her voluntary disclosure to the police that she was AWOL. We note that had the military judge simply asked what appellant's intention was when she disclosed to the police that she was AWOL, the lingering question concerning this element could have been avoided.

To assist in our review of the adequacy of the plea, we next look to the stipulation of fact. The stipulation of fact provided as follows with regard to the termination by apprehension element:

> ". . . The Montgomery County officers responded to SFC [HH]'s home as the result of a call by SFC [HH]'s parents asking the officers to check on the safety of their daughter. SFC [HH]'s parents were concerned for her safety due to their daughter's continued abuse of alcohol and concerns of potential suicide ideations. During that period SFC [HH] had access to transportation and in no way was prevented from returning to her unit or turning herself in to military authorities at another military facility."

The foregoing paragraph contained in the stipulation of fact is not helpful in establishing the element of termination by apprehension, in that it fails to address whether appellant's statement to police that she was AWOL was intended to be a voluntary submission of the appellant to authorities. The stipulation of fact only reveals that appellant's parents called police out of concern for their daughter's safety, not to report her AWOL. The disclosure by the appellant's parents to police that appellant was AWOL amounted to no more than mere suspicion; there is no indication that the police even verified this report or checked for a deserter warrant.

## CONCLUSION

Accordingly, upon consideration of the entire record, submission by the parties, and those matters personally raised by appellant pursuant to *Grostefon*, we affirm only so much of the findings of guilty of the Specification of Charge I as finds that: "appellant, U.S. Army, did, on or about 22 March 2011 without authority, absent herself from her unit, to wit: A Company, Medical Center Brigade, located at Walter Reed Army Medical Center, Washington, DC, and did remain absent until on or about 15 November 2011."

The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker

in his concurring opinion in *Moffeit*, the sentence as approved by the convening authority is AFFIRMED.  All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.  *See* UCMJ art. 75(a).

Senior Judge COOK and Judge HAIGHT concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court