# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant KYLE A. HANES**
**United States Army, Appellant**

ARMY 20130365

Seventh U.S. Army Joint Multinational Training Command
Joshua S. Shuey, Military Judge
Lieutenant Colonel David E. Mendelson, Staff Judge Advocate

For Appellant:  Major Amy E. Nieman, JA; Captain Sara E. Lampro, JA (on brief).

For Appellee: Lieutenant Colonel James L. Varley, JA (on brief).

30 September 2013

---------------------------------
SUMMARY DISPOSITION
---------------------------------

CAMPANELLA, Judge

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of three specifications of communicating indecent language to a minor, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for nine months, forfeiture of $500.00 pay per month for nine months, reduction to the grade of E-1, and a reprimand.  The convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for seven months, forfeiture of $500.00 pay per month for nine months, reduction to the grade of E-1, and the reprimand.

This case is before this court for review pursuant to Article 66, UCMJ.  This case was submitted on its merits with appellant personally raising matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  We find those issues personally raised by appellant are without merit.  Upon review, however, we find one additional issue meriting discussion and relief.

**BACKGROUND**

In Specifications 1, 2, and 3 of The Charge, appellant was charged with communicating indecent language to HY, a child under sixteen, in violation of Article 134, UCMJ.  In charging the terminal element, all three specifications alleged appellant's conduct was "to the prejudice of good order and discipline in the armed forces and was of a nature to bring discredit to the armed forces."

At trial, consistent with a pretrial agreement, appellant pleaded guilty to The Charge and its Specifications.  Appellant admitted he communicated certain language in writing to HY; that the language was indecent; and that HY was a child under the age of sixteen.  The military judge then questioned appellant on whether his actions met the terminal element of Article 134, UCMJ.  Appellant admitted and established that his conduct was service discrediting in that his actions clearly harmed the reputation of the service.  Regarding whether his conduct was prejudicial to good order and discipline, the military judge and appellant engaged in the following colloquy:

> MJ: Is there anything about your conduct that's prejudicial to good order and discipline as well?
>
> ACC: Yes, sir.  It affected myself from performing in my unit . . . .
>
> MJ: I mean, you weren't being affected in the performance of your duties while you were engaging in the criminal conduct, were you?
>
> ACC: No, sir, I was not.
>
> MJ: Okay.  So, we're probably going to limit this in terms of just service discrediting conduct even though it is alleged as both prejudicial to good order and discipline and service discrediting . . . .

The military judge did not question appellant any further on his conduct being prejudicial to good order and discipline.  Following the plea inquiry, the military judge accepted appellant's pleas of guilty to each of the three specifications but did not make any exceptions to the charged offenses.  Similarly, the stipulation of fact was silent as to this aspect of the conjunctively charged element.

**LAW AND DISCUSSION**

In this case, we find there is a substantial basis in law and fact to question appellant's plea of guilty to clause 1 of Article 134, UCMJ. We find, however, an ample factual predicate to establish clause 2 of Article 134, UCMJ.

We review a military judge's acceptance of an accused's guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008); *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996). "In doing so, we apply the substantial basis test, looking at whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *Inabinette*, 66 M.J. at 322. "The military judge shall not accept a plea of guilty without making such inquiry of the accused as shall satisfy the military judge that there is a factual basis for the plea." In order to establish an adequate factual predicate for a guilty plea, the military judge must elicit "factual circumstances as revealed by the accused himself [that] objectively support that plea[.]" *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A. 1980). It is not enough to elicit legal conclusions. The military judge must elicit facts to support the plea of guilty. *United States v. Outhier*, 45 M.J. 326, 331 (C.A.A.F. 1996). The record of trial must reflect not only that the elements of each offense charged have been explained to the accused, but also "make clear the basis for a determination by the military trial judge . . . whether the acts or the omissions of the accused constitute the offense or offenses to which he is pleading guilty." *United States v. Care*, 18 U.S.C.M.A. 535, 541, 40 C.M.R. 247, 253 (1969). As our superior court recently reiterated, "[t]he three clauses of Article 134 constitute 'three distinct and separate parts.'" *United States v. Fosler*, 70 M.J. 225, 230 (C.A.A.F. 2011) (quoting *United States v. Frantz*, 2 U.S.C.M.A. 161, 163, 7 C.M.R. 37, 39 (1953)). Thus, if a specification alleges all three, then there must be an adequate basis in fact in the record to support a finding of guilty to all three.

Given the facts of this case, there is no question that appellant's language was indecent. Moreover, the plea inquiry established facts demonstrating that appellant's conduct was service discrediting in that his actions clearly harmed the reputation of the service. In this case, the providence inquiry did not establish appellant's actions were prejudicial to good order and discipline pursuant to clause 2 of Article 134. The military judge did not elicit an adequate factual basis during his colloquy with appellant to support his plea to committing conduct prejudicial to good order and discipline. As such, the military judge effectively excepted the clause 1 language from the specification but failed to expressly reflect this action on the record. Therefore, we find the military judge abused his discretion in accepting appellant's plea of guilty to the clause 1 language of the terminal element which had been charged in the conjunctive.

We find, however, appellant's guilty plea adequately establishes appellant's actions were in violation of clause 2 of Article 134, UCMJ.

**CONCLUSION**

On consideration of the entire record and those matters personally submitted by appellant pursuant to *Grostefon*, this court affirms only so much of The Charge and its Specifications as provides appellant:

> Specification 1: Did, at or near Bamberg, Germany, on or about 20 February 2012, in writing communicate to H.Y., a child under the age of 16 years, certain indecent language, to wit: "just come over and get naked," or words to that effect, and under the circumstances, the conduct of the accused was of a nature to bring discredit upon the armed forces.

> Specification 2: Did, at or near Bamberg, Germany, on or about 20 February 2012, in writing communicate to H.Y., a child under the age of 16 years, certain indecent language, to wit: "I really want to rip your clothes off and have my way with you because I like you and your Chinese and you have the sexiest lips oh my god. I know you are a virgin and haven't had sex yet. Oral sex is great. 69 is best. While you suck my cock I am eating your pussy and fingering it," among other things, or words to that effect, and under the circumstances, the conduct of the accused was of a nature to bring discredit upon the armed forces.

> Specification 3: Did, at or near Bamberg, Germany, on or about 20 February 2012, in writing communicate to H.Y., a child under the age of 16 years, certain indecent language, to wit: "Well I want to rub your pussy from outside of your thong until I see your pussy making your thong wet. Then I want to use my teeth and take your thong off, then I want to kiss back up your legs and when I get to the inside of your thigh I will gently bite the inside making you even more wet I will slide your legs apart and spread your pussy lips open with my fingers as I slide my tongue inside your super tight pussy," or words to that effect, and under the circumstances, the conduct of the accused was of a nature to bring discredit upon the armed forces.

4

Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion, the sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the finding set aside by this decision, are ordered restored. See UCMJ art. 75(a).

Senior Judge COOK and Judge HAIGHT concur.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court