UNITED STATES, Appellee

v.

**James B. EBERLE, Airman First Class
U.S. Air Force, Appellant.**

No. 95–0643.
Crim. App. No. 30637.

U.S. Court of Appeals for
the Armed Forces.

Argued Feb. 1, 1996.

Decided Aug. 30, 1996.

For Appellant: *Colonel Jay L. Cohen* (argued); *Lieutenant Colonel Joseph L. Heimann* and *Major Del Grissom* (on brief).

For Appellee: *Lieutenant Colonel Michael J. Breslin* (argued); *Colonel Jeffery T. Infelise* and *Captain R. Scott Howard.*

*Opinion of the Court*

GIERKE, Judge:

A general court-martial at Mountain Home Air Force Base, Idaho, convicted appellant, pursuant to his pleas, of committing indecent acts with another (2 specifications) and of disorderly conduct, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. The members' sentence of a bad-conduct discharge, confinement for 2 years, total forfeitures, and reduction to the lowest enlisted grade was approved by the convening authority. The Court of Criminal Appeals affirmed the findings and sentence. 41 MJ 862 (1995).

Our Court granted review of the following issues:

I

WHETHER APPELLANT'S GUILTY PLEA TO SPECIFICATION 1 OF THE CHARGE IS INVALID AS THE FACTS FAIL TO ESTABLISH THE OFFENSE OF INDECENT ACTS WITH ANOTHER.

II

WHETHER APPELLANT'S GUILTY PLEA TO SPECIFICATION 2 OF THE CHARGE IS INVALID AS THE FACTS FAIL TO ESTABLISH THE OFFENSE OF INDECENT ACTS WITH ANOTHER.

During the providence inquiry, appellant admitted that he entered into a public bathroom for females on two separate occasions in November 1992. One time, Ms. W was already in the bathroom; the other time Ms. E was inside. For each case, he admitted masturbating in the bathroom in front of the woman and physically restraining her from leaving the restroom.

Ms. W pushed appellant backwards in an effort to get past him. He in turn pushed her backwards against a wall, placed his hand on the outside of her shirt, squeezed her breast while masturbating, and ejaculated in her presence.

Regarding Ms. E, who was already in the bathroom, appellant entered the bathroom and started masturbating. She shouted at him, telling him he was not supposed to be in the bathroom. Appellant walked toward her while masturbating. As she tried to leave, he pushed her in an effort to keep her in the bathroom. Ms. E struggled with appellant and, during that struggle, broke her finger.

■ Appellant contends that his guilty pleas to committing indecent acts are improvident because he did not admit that he acted indecently "with another." He argues that the facts elicited during the providence inquiry amount only to indecent exposure, not committing indecent acts with another. The Government argues that appellant's conduct included sufficient interaction with the women to constitute the offense.

■ Pleas of guilty should not be set aside on appeal unless there is "a 'substantial basis' in law and fact for questioning the guilty plea." *United States v. Prater,* 32 MJ 433, 436 (CMA 1991). A military judge's decision to accept a guilty plea is reviewed for an abuse of discretion. *United States v. Gallegos,* 41 MJ 446 (1995); *see generally* S. Childress and M. Davis, 2 *Federal Standards of Review,* § 8.03 at 8–12 (2d ed. 1992) ("trial court's finding" that there is "an adequate factual basis" to accept a guilty plea is reviewed "under an abuse of discretion standard").

"The offense of committing indecent acts with another requires that the acts be done in conjunction or participating with another person." *United States v. Thomas,* 25 MJ 75, 76 (CMA 1987). At issue here is whether appellant admitted acting with the two victims as opposed to merely acting in their presence.

Appellant admitted substantially more than merely acting in the presence of the two women. He forced them to participate with him. With the first, he physically restrained her from leaving and fondled her breast. With the second he physically restrained her and engaged in a struggle that resulted in her breaking her finger. *See United States v. McDaniel,* 39 MJ 173, 175 (CMA 1994) (recruiter's interaction with female recruits, even without physical touching, by "instructing them to disrobe, to change positions, and to bounce up and down" held sufficient to constitute committing indecent acts as opposed to "mere voyeurism"). Accordingly, we conclude that the military judge did not abuse his discretion by accepting the guilty pleas.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Judges SULLIVAN and CRAWFORD and Senior Judge EVERETT concur.

COX, Chief Judge (concurring):

Although I agree with the majority opinion, it has become increasingly clear to me that trial advocates, military judges, and appellate judges have either forgotten or overlooked the lessons of *Parker v. Levy,* 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974).

Article 134, Uniform Code of Military Justice, 10 USC § 934, provides:

Though not specifically mentioned in this chapter, all disorders and neglects to the prejudice of good order and discipline in the armed forces, all conduct of a nature to bring discredit upon the armed forces, and crimes and offenses not capital, of which persons subject to this chapter may be guilty, shall be taken cognizance of by a general, special or summary court-martial, according to the nature and degree of the

offense, and shall be punished at the discretion of that court.

Pleadings do not create offenses; although offenses are listed carefully in the Manual for Courts–Martial, United States (1995 ed.), they are not created by the Manual. Offenses come from statutes, lawful orders and regulations, the common law, and customs and traditions of the various services. *Smith v. Whitney*, 116 U.S. 167, 6 S.Ct. 570, 29 L.Ed. 601 (1886).

Thus, why quibble with the precise definitions of "indecent acts, indecent liberties, indecent exposure, and indecent assault."

Regardless of the label placed upon the misconduct, everybody in the civilized world knows it is unlawful for a man to enter a public restroom, grab a woman's breast, and masturbate in front of her without her consent.

The pleadings serve at least three purposes: (1) to provide due process or notice, *Parker v. Levy, supra;* (2) to give protection against double jeopardy; and (3) to set the punishment level. Article 134, however, creates the offenses in question. Nothing more—nothing less.