# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Staff Sergeant AARON M. MAGILL**
**United States Army, Appellant**

ARMY 20110640

Headquarters, XVIII Airborne Corps
Michael J. Hargis, Military Judge
Colonel Stephen J. Berg, Staff Judge Advocate


For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Lieutenant Colonel Charles C. Choi, JA (on brief).

For Appellee: Major Robert A. Rodrigues, JA; Major Katherine S. Gowel, JA; Captain T. Campbell Warner, JA (on brief).


29 August 2013

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

COOK, Senior Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of four specifications of making a false official statement and three specifications of wearing unauthorized insignia, in violation of Articles 107 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 934 (2006) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for one month, and reduction to the grade of E-1. The convening authority credited appellant with fourteen days of confinement credit.

This case is before us for review under Article 66, UCMJ. Appellate counsel raised two issues to this court. We find the first issue raised by appellate counsel merits discussion and relief. We also find one additional issue requires discussion and relief.

**BACKGROUND**

*Noncommissioned Officer Evaluation Report*

In Specification 1 of Charge I, appellant was charged with making a false official statement by representing he served as a U.S. Army Ranger when he did not. The specification alleged appellant:

On or about 7 August 2009, did, at or near COB Speicher, Iraq, with intent to deceive, sign an official report, to wit: DA Form 2166-8, NCO Evaluation Report, which report was false in that he never served as a U.S. Army Ranger, and was then known by the said [appellant] to be so false.

Consistent with a pretrial agreement, appellant entered a plea of guilty to the charged offense. During the providence inquiry, appellant admitted he electronically signed his NCOER which he knew contained false information in that he had never served as a Ranger. Specifically, in Part IV of the form, appellant's rater stated that appellant "utilized his past experience as an Infantryman and Ranger to prepare his Soldiers for the battlefield." Appellant then admitted that by electronically signing the document, he was affirmatively asserting everything contained within the document was true and accurate when he knew it was not. The military judge and appellant engaged in the following colloquy regarding the effect of appellant's signature:

ACC: . . . before you sign it, a block comes up and says essentially, as you're signing this, make sure that everything within the document is true and correct, sir.

MJ: Okay. So, when – you're talking about when you sign it electronically?

ACC: Yes, sir.

MJ: There's a bubble that pops up that says make sure this is true before you sign it?

ACC: Yes, sir.

MJ: Because it all needs to be true or words to that effect?

ACC: Yes, sir.

> MJ: Did you see that bubble before you electronically
> signed it?
>
> ACC: I did, sir.
>
> MJ: All right.  Was it true?
>
> ACC: That I had served as a Ranger?  No.  It's false, sir.
>
> . . . .
>
> MJ: So, by signing that NCOER, were you asserting that
> you had served as a U.S. Army Ranger?
>
> ACC: Yes, sir.

A copy of the pop-up block described by appellant was not attached to the record of trial or explained in the stipulation of fact.

The NCOER at issue was admitted into evidence as an attachment to the stipulation of fact.  The signature block, block II.e., contained the following language:

> I understand my signature does not constitute agreement
> or disagreement with the evaluations of the rater and
> senior rater.  I further understand my signature verifies
> that the administrative data in Part I, the rating officials in
> Part II, the duty description to include the counseling
> dates in Part III, and the APFT and height/weight entries
> in Part IVc are correct.

The military judge did not question appellant on the inconsistency between appellant's statements during the providence inquiry and the language set forth in the signature block of the NCOER with respect to what exactly the appellant's signature served to verify.  The military judge also did not question appellant on the apparent inconsistency between the language appellant described was contained in the pop-up block and the language within the document itself.  Based on his questions and appellant's responses, the military judge found appellant's plea provident and accepted it.

3

*DD Form 214*

In Specification 2 of Charge I, appellant was charged with making a false official statement by signing his DD Form 214 which he knew to contain false information.  The specification alleged appellant:

> On or about 2 September 2009, did, at or near Fort Carson, Colorado, with intent to deceive, sign an official record, to wit: DD Form 214, which record was false in that he never received the Armed Forces Expeditionary Medal (4[th] Award), never received the NATO Medal (2[nd] Award), and never received the Combat Infantryman Badge, and was then known by the said [appellant] to be so false.

During his providence inquiry, appellant admitted his electronic signature constituted a certification that all information contained within the document was true and accurate.  Appellant believed this to be the case because prior to digitally signing the document, a pop-up block appeared on his computer screen informing appellant his signature served as a verification of all information contained in the document.  A copy of the block described by appellant was not attached to the record of trial or discussed in the stipulation of fact.

As part of the stipulation of fact, the DD Form 214 was entered into evidence without objection from the defense.  The following language was expressly contained within the DD Form 214 which included the awards at issue: "data herein [is] subject to computer matching within DoD or with other Agencies for verification purposes and determining eligibility or compliance for federal benefits." The military judge did not question appellant on the apparent inconsistency between his admissions and this language contained within the DD Form 214.  The military judge accepted appellant's plea of guilty to the charged offense.

**LAW AND DISCUSSION**.

In his first assignment of error to this court, appellant argues the military judge abused his discretion when he accepted appellant's plea of guilty to making a false official statement by signing an NCOER when his signature did not constitute verification of the rater's comments.  In its brief to this court, the government agrees with the position taken by the defense on this issue.  After reviewing the record of trial and the submissions of the parties, we agree with appellant's argument and will accept the concession by the government.

We review a military judge's acceptance of an accused's guilty plea for an abuse of discretion.  *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008); *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996). "In doing so, we apply

the substantial basis test, looking at whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *Inabinette*, 66 M.J. at 322. "The military judge shall not accept a plea of guilty without making such inquiry of the accused as shall satisfy the military judge that there is a factual basis for the plea." In order to establish an adequate factual predicate for a guilty plea, the military judge must elicit "factual circumstances as revealed by the accused himself [that] objectively support that plea[.]" *United States v. Davenport*, 9 M.J. 364, 367 (CMA 1980).

If an accused sets up a matter inconsistent with the plea at any time during a guilty plea proceeding, the military judge must resolve the conflict or reject the plea. UCMJ art. 45(a); *see also* Rule For Courts-Martial [herinafter R.C.M.] 910(h)(2). Moreover, this court has held that "[t]o resolve a matter inconsistent with a guilty plea, the military judge must, therefore, identify the particular inconsistency at issue and explain its legal significance to the accused who must then retract, disclaim, or explain the matter." *United States v. Rokey*, 62 M.J. 516, 518 (Army Ct. Crim. App. 2005).

*Noncommissioned Officer Evaluation Report*

During the colloquy with the military judge, appellant admitted his signature served to verify all facts contained within the NCOER and that by electronically signing the document, he made a false official statement. Specifically, appellant informed the military judge that by signing the form he asserted that he, in fact, served as an Army Ranger. He believed this to be the case because prior to signing the document, a block appeared on the computer screen advising appellant his electronic signature served as verification of all facts contained within NCOER. However, the NCOER itself, which was attached to the stipulation of fact as an enclosure, contains language which specifically refutes appellant's assertions during the plea inquiry. Specifically, block II.e. provides: "I understand my signature does not constitute agreement or disagreement with the evaluations of my rater and senior rater . . . ." The express language contained within the document contradicts appellant's statements during the plea inquiry and his explanation of the block which he asserted appeared prior to signing the document. The military judge did not question appellant on this apparent inconsistency between the plea inquiry and the NCOER which was entered into evidence at trial.

The language contained within block II.e of the NCOER calls into question appellant's understanding of the charge at issue and results in an inconsistency between appellant's providence inquiry and the language contained within the NCOER. Such an inconsistency should have been resolved by the military judge. *See* UCMJ art. 45(a) (the military judge must resolve any inconsistency raised or reject the plea). Accordingly, we find there is a substantial basis in law and fact to question appellant's plea of guilty to false official statement. *See United States v.*

*Care,* 40 C.M.R. 247, 253 (C.M.A. 1969).  As such, we will take appropriate action in our decretal paragraph.

*DD Form 214*

Similarly, in Specification 2 of Charge I, appellant was charged with making a false official statement by signing a DD Form 214 which contained false information in that appellant had not been awarded the Expeditionary Medal (4th Award), the NATO Medal (2nd Award), or the Combat Infantryman Badge.  During the colloquy with the military judge, appellant admitted his signature constituted an affirmative assertion of all facts contained within the DD Form 214 and that by electronically signing the document he verified his eligibility for all listed badges and awards.  In support of this admission, appellant informed the military judge that a block appeared prior to him signing the document which advised appellant that his signature constituted a certification that all information in the document was true and accurate.

However, contrary to appellant's assertions, the following language is expressly set forth within the DD Form 214 itself: "[t]he information contained herein is subject to computer matching within the Department of Defense . . . for verification purposes . . . ."  This language appears immediately after the listing of awards for which appellant was allegedly entitled to wear.  Thus, the form itself calls into question any notion that his signature constituted a certification of appellant's eligibility for the awards listed on the DD Form 214.  Additionally, while appellant, during the providence inquiry, admitted a block popped up stating his signature certified the truth of all matters contained within the document, such a block was not part of the record and thus does not resolve the apparent inconsistency, between appellant's admission of guilt and the form itself.[*]  Such an inconsistency should have been resolved by the military judge.  *See* UCMJ art. 45(a) (the military judge must resolve any inconsistency raised or reject the plea).

---

[*] Although the providence inquiry does not support finding appellant made a false official statement by signing the DD 214, the providence inquiry could have established appellant made a false official statement when he submitted a false Combat Infantry Badge certificate and when he falsely claimed he had earned the Armed Forces Expeditionary Medal (4th Award) and the NATO medal (2nd Award). However, the government apparently chose to charge appellant with making a false statement by signing a DD 214 that contained false awards instead of charging appellant with making false statements that resulted in the DD 214 being populated with awards appellant had not earned.

## CONCLUSION

Upon consideration of the entire record and the submissions by the parties, we set aside the findings of guilty to Specifications 1 and 2 of Charge I.  The remaining findings of guilty are AFFIRMED.  Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sale*s, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F.2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the sentence is affirmed.  All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.  See UCMJ art. 75(a).

Judge CAMPANELLA and Judge HAIGHT concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court