# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JIOVANNY LEON**
**United States Army, Appellant**

ARMY 20120685

Headquarters, Fort Bliss
David H. Robertson and Timothy P. Hayes, Military Judges
Colonel Francis P. King, Staff Judge Advocate

For Appellant:  Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Amy E. Nieman, JA; Captain Matthew M. Jones, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Carl L. Moore, JA (on brief).

25 November 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of one specification of absence without leave terminated by apprehension, three specifications of absence without leave (AWOL), and two specifications of wrongful use of cocaine, in violation of Articles 86 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 912a (2006) [hereinafter UCMJ], respectively.  The military judge sentenced appellant to a bad conduct discharge, confinement for nine months, and reduction to the grade of E-1.  The convening authority approved the adjudged sentence, except that he only approved six months of confinement.  The convening authority credited appellant with 56 days of confinement credit against the sentence to confinement.

This case is before us for review under Article 66, UCMJ.  Appellate counsel assigned two errors to this court, and appellant personally raised matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  One assigned error warrants discussion and relief.  The remaining assignment of error and those matters raised pursuant to *Grostefon* are without merit.

## BACKGROUND

At trial, appellant pleaded guilty (among other offenses) to Specification 1 of Charge I, AWOL terminated by apprehension. During the plea inquiry, the military judge listed the elements for AWOL terminated by apprehension and defined apprehension as follows: "'Apprehension' means that your return to military control was involuntary." The military judge did not provide the rest of the baseline definition of apprehension, nor did he elaborate on apprehension by civilian authorities from related instructions in the Military Judges' Benchbook [hereinafter Benchbook].[1] Appellant acknowledged he understood the elements and definitions

---

[1] The relevant provisions in the Military Judges' Benchbook state:

> "Apprehension" means that the accused's return to military control was involuntary. It must be shown that neither the accused nor persons acting at his request initiated the accused's return.

> That the accused was apprehended by civilian authorities, for a civilian violation, and was thereafter turned over to military control by the civilian authorities, does not necessarily indicate that the accused's return was involuntary. Such return may be deemed involuntary if, after the accused was apprehended, such civilian authorities learned of the accused's military status from someone other than the accused or persons acting at his request.

> In addition, the return may be involuntary if, after being apprehended by civilian authorities, the accused disclosed his . . . identity as a result of a desire to avoid trial, prosecution, punishment, or other criminal action at the hands of such civilian authorities. However, if the accused disclosed his . . . identity to the civilian authorities because of the accused's desire to return to military control, the accused's return should not be deemed involuntary or by apprehension.

> The arrest of an accused by civilian authorities does not, in the absence of special circumstances, terminate his . . . unauthorized absence by apprehension where the record does not show such apprehension to have been conducted with or done on behalf of the military authorities. Thus, in the absence of special circumstances, mere

as set forth by the military judge. The military judge then engaged the appellant in the following colloquy:

> MJ: And then tell me about how the AWOL ended, how did you come back to your unit?
>
> ACC: They actually a -- I got kind of started figuring out that I was -- they were going to start looking for me at any moment now so I decided to go back to a -- that weekend that I was there I was suppose to come back in -- my family, all my family lives in El Paso so a -- I was there at her house that weekend just so I could a -- leave my things that I had moved out of my apartment as well and a -- I was getting ready to come back in and a -- I was picked up by a Marshall [sic] that Thursday or Friday and a -- he asked me about my name and if I was in the Army. I told him, "yes." And if I knew why he was there and I said, "I'm pretty sure -- it's most likely the Army." I told him I was going to come back on Monday anyways. I was waiting for the weekend to pass but a -- he told he was just take me in then and there.
>
> MJ: So he picked you up at your parent's house?
>
> ACC: Yes, sir.
>
> MJ: And that was the only reason he was there just to pick you up for being AWOL?
>
> ACC: Yes, sir.
>
> MJ: And he brought you back to Fort Bliss, then?
>
> ACC: Yes, sir.
>
> MJ: Where did he bring you on post?
>
> ACC: He took me straight to the MP station.

---

> apprehension by civilian authorities does not sustain the government's burden of showing the return to military control was involuntary.

Dep't of Army, Pam. 27-9, Legal Services: Military Judges' Benchbook, para. 3-10-2.d (1 Jan. 2010) (parentheses omitted).

. . . .

> MJ:  Do you agree that your absence was terminated by apprehension?

> ACC:  Yes, sir.

The foregoing colloquy constituted the entire plea inquiry conducted by the military judge into the termination by apprehension element.  Based on the plea inquiry and the stipulation of fact,[2] the military judge accepted appellant's plea as provident.

## LAW AND DISCUSSION

We review a military judge's acceptance of an accused's guilty plea for an abuse of discretion.  *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008); *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996).  "[I]n reviewing a military judge's acceptance of a plea for an abuse of discretion [we] apply a substantial basis test:  Does the record as a whole show a substantial basis in law and fact for questioning the guilty plea."  *Id.* at 322 (quoting *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)) (internal quotation marks omitted).  There exists a substantial basis in fact to question a plea of guilty where a military judge "fails to obtain from the accused an adequate factual basis to support the plea."  *Id.* (citing *United States v. Jordan*, 57 M.J. 236, 238 (C.A.A.F. 2002)).  In order to establish an adequate factual predicate for a guilty plea, the military judge must elicit "'factual circumstances as revealed by the accused himself [that] objectively support that plea[.]'"  *Jordan*, 57 M.J. at 238 (quoting *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A. 1980)) (alterations in original).

In this case, there exists a substantial basis in fact to question the providence of appellant's plea to AWOL terminated by apprehension.  To establish that an absence was terminated by apprehension, "the facts on the record must establish [the] return to military control was involuntary."  *United States v. Gaston*, 62 M.J. 404, 405 (C.A.A.F. 2006).  "Apprehension contemplates termination of the accused's absence in an involuntary manner; and termination otherwise is an absence ended freely and voluntarily."  *Id*. (citing *United States v. Fields*, 13 U.S.C.M.A. 193, 196, 32 C.M.R. 193, 196 (1962)).  Mere proof of apprehension by civilian authorities is insufficient to establish that a return to military control is involuntary.  *Id.*  Rather, in order to establish the absence was terminated by apprehension, the record must

---

[2] Regarding Specification 1 of Charge 1, the relevant portion of the stipulation of fact reads:  "On 15 July 2011, the [appellant] left his assigned unit, HHC, 1-41 IN, and remained absent from his unit until he was apprehended on 5 October 2011."

indicate the apprehension was "connected with or done on behalf of the military authorities." *Fields*, 32 C.M.R. at 197.

Appellant's counsel asserts the military judge abused his discretion by accepting the guilty plea to Specification 1 of Charge I because there was not a sufficient inquiry regarding whether the appellant's return to military control was involuntary. We agree. The military judge provided an incomplete definition of apprehension from the Benchbook, and there was no explanation of apprehension by civilian authorities. The sparse colloquy that followed did not satisfactorily establish the appellant understood the involuntary nature of the apprehension, and the record did not clearly indicate the apprehension by the marshal was conducted with or done on behalf of military authorities. Further, the bare-bones stipulation of fact did not assist our review of the appellant's plea, considering it was little more than a summarized version of the charge sheet. Consequently, based on the record before us, we find an insufficient factual predicate to establish the appellant's absence was terminated by apprehension.

**CONCLUSION**

Accordingly, upon consideration of the entire record, submission by the parties, and those matters personally raised by appellant pursuant to *Grostefon*, we affirm only so much of the findings of guilty of Specification 1 of Charge I as finds that: "appellant, U.S. Army, did, at or near Fort Bliss, Texas, on or about 15 July 2011, without authority, absent himself from his unit, to wit: Headquarters and Headquarters Company, 1st Battalion, 41st Infantry Regiment located at Fort Bliss, Texas, and did remain so absent until on or about 5 October 2011." The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), the sentence as approved by the convening authority is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court