# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.R. MCFARLANE, M.C. HOLIFIELD, D.A. NORKIN**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**STEPHEN M. BOX**
**STAFF SERGEANT (E-6), U.S. MARINE CORPS**

**NMCCA 201400147**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged**: 11 December 2013.
**Military Judge**: LtCol E.A. Harvey, USMC.
**Convening Authority**: Commanding General, Training Command, Quantico, VA.
**Staff Judge Advocate's Recommendation**: LtCol M.E. Sayegh, USMC.
**For Appellant**: CAPT Bree A. Ermentrout, JAGC, USN.
**For Appellee**: LT Ann E. Dingle, JAGC, USN; LT Leila A.M. Mullican, JAGC, USN.

**23 December 2014**

---------------------------------------------------------
## OPINION OF THE COURT
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of two specifications of conspiracy, one specification of sale of military property, and one specification of larceny of military property, in violation of Articles 81, 108, and 121, Uniform Code of Military Justice, 10 U.S.C. § 881, 908, and 921. The

appellant was sentenced to confinement for 18 months, reduction to pay grade E-1, and a dishonorable discharge. The convening authority approved the adjudged sentence.

The appellant raises one assignment of error: that the military judge failed to conduct an additional inquiry into the possibility of an affirmative defense where the appellant acknowledged treatment for post-traumatic stress disorder (PTSD) and further acknowledged gambling and drinking issues. After carefully considering the record of trial and the submissions of the parties, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

**Background**

The appellant was an instructor at the School of Infantry (SOI) at Marine Corps Base, Camp Pendleton, California. While serving in this capacity, he conspired with Lance Corporal (LCpl) John Danley, a supply representative at SOI, to steal and sell military property. In furtherance of this conspiracy, LCpl Danley provided the appellant with military-owned property, which the appellant sold to various individuals. Between May 2012 and December 2012, the appellant and LCpl Danley stole and sold approximately $500,000.00 of military property. Prosecution Exhibit 1 at 3-4.

During his providence inquiry, the appellant stated that he had a gambling addiction, which influenced his decision to steal and sell military property. *Id.* at 25. The military judge responded by immediately questioning the appellant about his mental responsibility. In the subsequent colloquy, the appellant clarified that he did not believe this addiction constituted a legal justification for his behavior, that he understood the nature of his conduct, and was aware it was wrongful. *Id.* at 25-26. The appellant also entered into a stipulation of fact in which he affirmed that, "[n]o physical or mental infirmity contributed to my active participation in conspiracy, theft, and sale of military property." Prosecution Exhibit 1 at 4. While neither the appellant nor his two civilian defense counsel referenced PTSD in the providence inquiry, two character witnesses opined that the appellant might have PTSD during his case in extenuation and mitigation.[1] Record

---

[1] The appellant also introduced a letter from his brother, a medical student, suggesting that the appellant suffered from PTSD. Defense Exhibit C at 3.

at 90, 134. Additionally, the appellant stated during his sworn testimony that he had sought counseling for PTSD. *Id.* at 121. This testimony prompted the military judge to conduct the following inquiry:

> Q. You said – there's been some mention of PTSD? Have you ever been evaluated for PTSD?
> A. Not until recently Ma'am. I went to my counselor six, seven months ago ma'am, and she told me that I might have a form of PTSD because I guess there's different stages, ma'am, and she told me that I was – she suggested to me to go and speak with somebody else, which I did as well. I went to go speak to somebody else on base and took a MMPI.
>
> Q. Okay. What was the result of that?
> A. I do not have the results at this time. Dr. McAllister is the doctor that was the one who gave me the results and I've been trying to get the results for two months now, ma'am, but he did screen me prior, ma'am.
>
> Q. Okay. So, at this point the counselor said that it's possible that you have PTSD, but there's been no diagnosis that you're aware?
> A. Correct. . . .

*Id.* at 127.

## Mental Responsibility and Provident Plea

We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996). A decision to accept a guilty plea will be set aside if there is a substantial basis in law or there fact for questioning the plea. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). We will not reverse a military judge's decision to accept a guilty plea unless we find "a substantial conflict between the plea and the accused's statements or other evidence of record." *United States v. Shaw*, 64 M.J. 460, 462 (C.A.A.F. 2007) (internal quotation marks and citations omitted). "A 'mere possibility' of such a conflict is not a sufficient basis to overturn the trial results." *United States v. Shaw*, 64 M.J. 460, 462 (C.A.A.F. 2007).

When an appellant establishes facts which raise a possible

3

defense, the military judge has a duty to inquire further and resolve matters inconsistent with the plea, or reject the plea. *United States v. Phillippe*, 63 M.J. 307, 309 (C.A.A.F. 2006). Should the appellant's statement or material in the record indicate a history of mental disease or defect, the military judge must determine whether the information raises a substantial conflict with the plea and thus a possibility of a defense or only the "mere possibility" of conflict. *See United States v. Riddle*, 67 M.J. 335, 338 (C.A.A.F. 2009) (citing Shaw, 64 M.J. at 462). If there is only a "mere possibility" of a conflict, the military judge is not required to reopen the plea. *Shaw*, 64 M.J. at 464.

In the absence of contrary circumstances, a military judge can presume that the accused is sane and that counsel has conducted a reasonable investigation into the existence of this defense. *Id*. at 463. The question before us is whether the appellant's reference to seeking counseling for PTSD raises a possible defense or the "mere possibility" of a defense.

The facts in the present case differ only slightly from those in *Shaw*, where our superior court concluded that an appellant's reference to a mental disorder, without more, at most raised only the "mere possibility" of a conflict with the plea. *Id* at 464. In *Shaw*, the appellant suggested in his unsworn statement that he suffered from bipolar disorder, but provided no corroboration concerning his alleged condition. Here, the appellant augmented his sworn testimony with testimony and documentary evidence from character witnesses suggesting that he might have PTSD. However, as was the case in *Shaw*, the appellant did not provide any evidence from a medical professional corroborating his assertion. Additionally, the military judge in this case took the added step of specifically confirming that the appellant had not been diagnosed with a mental disorder.

Assuming *arguendo* that the appellant actually suffered from PTSD, his explanation of the relationship between the disorder and his conduct does not create a substantial conflict with his pleas. Neither the appellant nor his counsel ever suggested that the appellant was unable to appreciate the nature and quality or wrongfulness of his acts. Instead, they raised the issue in sentencing as a clear matter in extenuation and mitigation. Each explained that when the appellant returned from deployments, he began to consume alcohol in excess and felt a desire for adrenaline, which he satisfied by gambling. Record at 108-110, 144.

4

While the record contains no evidence suggesting that the appellant was intoxicated during any criminal misconduct, it provides ample detail concerning his alleged gambling addiction. When the appellant first referenced this addiction in the providence inquiry, the military judge responded by immediately inquiring into his mental responsibility. In response, the appellant affirmed that he did not believe this addiction constituted a legal justification for his behavior, that he understood the nature of his conduct, and was aware it was wrongful. *Id.* at 25-26. These responses are consistent with the stipulation of fact, in which the appellant specifically denied that any "physical or mental infirmity" contributed to his participation in the offenses to which he pled guilty. PE 1 at 4. They are also further supported by the appellant's sentencing testimony in which he acknowledged that he was "100 percent" responsible for his acts. Record at 112.

Given the facts of this case, we conclude that any references to PTSD raised, at most, only the "mere possibility" of a conflict with the plea. *Shaw*, 64 M.J. at 464. The military judge properly addressed the lack of mental responsibility defense during the providence inquiry in response to the appellant's statements about a gambling addiction and was not required to do so again when the appellant raised that same addiction in sentencing within the context of a possible PTSD diagnosis. Accordingly, we find this assignment of error to be without merit.

## Conclusion

We affirm the findings and the sentence as approved by the convening authority.

For the Court

R.H. TROIDL
Clerk of Court

5