# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 ZACHARIAH A. BRASWELL**
**United States Army, Appellant**

ARMY 20150596

Defense Language Institute Foreign Language Center and Presidio of Monterey
Sean F. Mangan, Military Judge
Lieutenant Colonel Tiernan Dolan, Staff Judge Advocate (pretrial)
Lieutenant Colonel Daniel A. Tanabe, Staff Judge Advocate (post-trial)

For Appellant:  Colonel Mary J. Bradley, JA; Captain Joshua G. Grubaugh, JA; Captain Cody Cheek, JA (on brief); Lieutenant Colonel Christopher D. Carrier, JA; Captain Scott Martin, JA; Captain Cody Cheek, JA (on reply brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Michael E. Korte, JA (on brief).

30 October 2017

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

In this appeal, appellant is the co-accused of *United States v. Schrader*, ARMY 20150744, 2017 CCA LEXIS 406 (Army Ct. Crim. App. 16 June 2017) (mem. op.), where we set aside specifications related to Schrader's introduction and distribution of amphetamine, a Schedule II controlled substance because there was a substantial basis in law and fact to question Schrader's guilty plea. *See United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).  However, for reasons we explain, we reach a different conclusion in this case and affirm the findings and sentence.

Here, a military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of conspiracy to distribute controlled substances, four specifications of wrongful use of a controlled substance, three specifications of wrongful distribution of a controlled substance, and one specification of wrongful introduction of a controlled substance in violation of

Articles 81 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 912a (2012) [hereinafter UCMJ], and thereafter sentenced appellant to a bad-conduct discharge, confinement for fourteen months, and reduction to the grade of E1. The convening authority, pursuant to a pretrial agreement, approved the sentence except for that portion of confinement in excess of nine months.

Appellant comes before us pursuant to Article 66, UCMJ, and seeks relief for dilatory post-trial processing. His request warrants discussion but not relief.[1] However, we find one issue, appellant's alleged possession of amphetamines vice alprazolam, raised by appellant personally pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) to warrant discussion but not relief.

## DISCUSSION

### A. *Dilatory Post-Trial Processing*

Appellant asks we provide sentencing relief because it took 181 days for the convening authority to take action on appellant's case, and an additional eighty-six days from action to receipt by this court. Appellant alleges no prejudice but asks us nonetheless to grant relief. Specifically, appellant states we should "grant relief to make clear that unreasonable delays in the military justice system will not be tolerated."

As we have stated previously: "[W]e look at our role more narrowly than does appellant. In cases of post-trial delay not amounting to a due process violation, we must still determine whether under Article 66(c), UCMJ[,] the sentence 'should be approved.'" *United States v. Blevins*, ARMY 20160165, 2017 CCA LEXIS 296, *3 (Army Ct. Crim. App. 26 Apr. 2017) (sum. disp). Here, we find no due process violation occurred as a result of the post-trial delay, recognizing that a sentence may be correct in law and fact but still be inappropriate.

"If the sentence is just outright too severe, our duty is to lower the sentence such that it 'should be approved.'" *Id.* at *4. In this case where there is unreasonable post-trial delay, we examine whether the unreasonable delay turned what may have been an appropriate sentence for appellant's crimes into an inappropriate sentence. *Id.* Specifically, we ask if the sentence as approved in this case that includes nine months of confinement is too severe a punishment given appellant's offenses, the sentencing evidence, and the unreasonable delay by the convening authority.

---

[1] We note that the military judge incorrectly dismissed the specifications of Charge I and Specification 2, of Charge III after having previously announced findings of not guilty.

The approved sentence remains lenient for appellant's offenses, even when we consider the unreasonable post-trial delay. The unexcused delay of eighty-six days to forward the record to this court shows a lack of rigor in the post-trial process of this jurisdiction that warrants attention. However, the post-trial delay in appellant's court-martial did not make appellant's sentence inappropriate.

*B. Appellant's Guilty Plea*

While appellant was assigned to the Presidio of Monterey, he used and distributed a range of drugs to fellow soldiers and airmen to include marijuana, cocaine, amphetamine, and hydromorphone. Among other charges, the government charged appellant with distributing *amphetamine* and introducing *amphetamine* onto the Presidio of Monterey with the intent to distribute. And, indeed, appellant believed he possessed amphetamine, stipulated to possessing amphetamine in the stipulation of fact, and admitted to the same in the providence inquiry. Whereas in *Schrader*, the appellant there *did not admit* to possessing amphetamine, and, in fact, what Schrader possessed was *not* amphetamine, but instead alprazolam, which became known to all parties by the time of Schrader's trial. *Schrader*, 2017 CCA LEXIS at *2-4.

Here, as in *Schrader*, appellant's stipulation of fact contains a footnote explaining "[a]t all times [appellant] believed the substance he acquired, distributed and used was amphetamine, but there is evidence (Prosecution Exhibit #9) the substance *may have been* Alprazolam [a Schedule IV controlled substance]." (emphasis added). To the extent the footnote creates an inconsistency in the record, the military judge resolved any inconsistency during the providence inquiry. The remaining portions of the stipulation of fact and, more importantly, the providence inquiry resolve any factual inconsistency regarding appellant's guilt for the specifications in question. Put simply, here appellant told the judge the drug he possessed was amphetamine.

Notably, the drugs seized by law enforcement and tested in Prosecution Exhibit Nine were not the basis of the specifications in question. The drugs appellant introduced and distributed in Specifications 6, 7, and 9 of Charge III were not tested—because appellant had sold them. Appellant explained he purchased ten pills of amphetamine that were later distributed.

The standard of review is whether the military judge's decision to accept appellant's guilty plea was an abuse of discretion. *See Inabinette*, 66 M.J. at 322 (citing *United States v. Eberle,* 44 M.J. 374, 375 (C.A.A.F. 1996)). "[I]n reviewing a military judge's acceptance of a plea for an abuse of discretion[,] appellate courts apply a substantial basis test: Does the record as a whole show 'a substantial basis in law and fact for questioning the guilty plea.'" *Id.* (*citing United States v. Prater,* 32 M.J. 433, 436 (C.M.A. 1991)); *see also* UCMJ art. 45(a); Rule for Court-Martial

BRASWELL—ARMY 20150596

[hereinafter R.C.M.] 910(e). The basis for the rejection of a guilty plea must be sufficient to overcome the notion that the plea waives any objection as to the factual issue of guilt concerning the offense in question. R.C.M. 910(j). Reading the footnote in the stipulation of fact in the context of the entirety of appellant's colloquy with the military judge, we find no "substantial basis" to question the plea.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4