# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 39270**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Barrian J. JAMISON**
Airman First Class (E-3), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 12 October 2018

———————————

*Military Judge:* James R. Dorman.

*Approved sentence:* Dishonorable discharge, confinement for one month, forfeiture of all pay and allowances, and reduction to E-1. Upon release from confinement, the forfeitures are reduced to $1066.00 pay for one month. Sentence adjudged 27 March 2017 by GCM convened at Francis E. Warren Air Force Base, Wyoming.

*For Appellant:* Major Jarett F. Merk, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Lieutenant Colonel Nicole P. Wishart, USAF; Mary Ellen Payne, Esquire.

Before HARDING, HUYGEN, and POSCH, *Appellate Military Judges.*

Senior Judge HARDING delivered the opinion of the court, in which Judges HUYGEN and POSCH joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

———————————

HARDING, Senior Judge:

A military judge sitting as a general court-martial convicted Appellant, consistent with his plea made pursuant to a pretrial agreement (PTA), of one specification of sexual assault in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920. Specifically, Appellant was convicted of committing a sexual act upon another Airman by penetrating her vulva with his finger, with the intent to gratify his sexual desires, when he knew or reasonably should have known that she was asleep. The military judge sentenced Appellant to a dishonorable discharge, confinement for 12 months, forfeiture of all pay and allowances, and reduction to the grade of E-1. In accordance with the limitation of the PTA, the convening authority approved only one month of confinement. He otherwise approved the sentence as adjudged. The convening authority also directed that, upon Appellant's release from confinement, the forfeitures would be reduced to $1,066.00 pay for one month.

Appellant asserts two issues on appeal: (1) that Appellant received ineffective assistance of counsel because his defense counsel failed to fully advise him of his plea options, the evidence against him, his right to testify, and the meaning of registering as a sex offender[1] and (2) that there is a substantial basis to question whether Appellant's plea was provident because the military judge failed to fulfill the responsibility per *United States v. Riley*, 72 M.J. 115 (C.A.A.F. 2013), to ensure Appellant understood that, as a result of his guilty plea, he would be required to register as a sex offender. We find no prejudicial error and affirm.

## I. BACKGROUND

After Appellant and A1C AN were at a bar in Cheyenne, Wyoming, A1C AN was too drunk to drive and stayed at Appellant's home. Appellant let A1C AN have the bed and told her he preferred to sleep on a chair in the living room. After A1C AN fell asleep, Appellant made his way into bed with her and unbuttoned her shirt and jeans while she slept. Appellant placed his hand down the front of A1C AN's jeans and reached inside her underwear to penetrate her vulva with his finger. When A1C AN woke up, Appellant removed his hand and rolled away. Neither said anything, and A1C AN quickly departed Appellant's home.

In a series of text messages between Appellant and A1C AN, Appellant initially denied anything sexual had happened. However, after A1C AN confronted Appellant about his finger penetrating her vulva, Appellant apologized

---

[1] Appellant filed the ineffective assistance of counsel claim pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

and acknowledged what he did as the "biggest [mistake] I think I ever made." Later, when he was interviewed by a detective of the Cheyenne Police Department, Appellant initially denied the sexual assault but eventually confessed that he committed a sexual act on A1C AN while she slept.

## II. DISCUSSION

### A. Effectiveness of Counsel

Appellant's affidavit accompanying his brief to this court claims his trial defense counsel failed: (1) to apprise him of his choice to plead guilty or not guilty; (2) to explain the evidence against him or ask for his side of the story; (3) to discuss whether he should testify; and (4) to advise him of the meaning of registering as a sex offender. Appellant contends these failures amounted to ineffective assistance of counsel. We disagree.

This court reviews a claim of ineffective assistance of counsel de novo. *United States v. Gooch*, 69 M.J. 353, 362 (C.A.A.F. 2011) (citation omitted). We undertake a two-part inquiry informed by the Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984): "[T]o prevail on a claim of ineffective assistance of counsel, an appellant must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green*, 68 M.J. 360, 361–62 (C.A.A.F. 2010) (citing *Strickland*, 466 U.S. at 687; *United States v. Mazza*, 67 M.J. 470, 474 (C.A.A.F. 2009)).

In the context of a guilty plea, the first part of the *Strickland* test "is nothing more than a restatement of the standard of attorney competence"— whether counsel's performance fell below a standard of objective reasonableness expected of all attorneys. *Hill v. Lockhart*, 474 U.S. 52, 56–58 (1985) (citations omitted). The second prong focuses on whether the "ineffective performance affected the outcome of the plea process." *Id.* at 59; *see also Lafler v. Cooper*, 566 U.S. 156, 163 (2012). It is not necessary to decide the issue of deficient performance when it is apparent that the alleged deficiency has not caused prejudice. *Loving v. United States*, 68 M.J. 1, 2 (C.A.A.F. 2009).

"[T]o satisfy the 'prejudice' requirement, [Appellant] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (footnote omitted). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (citations omitted).

In this case, Appellant asserts that he was harmed or prejudiced by his counsel's deficient performance. Appellant asserts he would have pleaded not

guilty and litigated the sexual assault charge but for his counsel's alleged shortcomings. To fully address these claims, we ordered both of Appellant's trial defense counsel to provide declarations. Their declarations, in addition to specifically rebutting each of Appellant's claims, included multiple attachments wherein Appellant was advised in writing of his rights and choices and of the requirement for sex offender registration. Appellant placed his initials next to each advised right and choice and, at a minimum, acknowledged he had read what was written on the page. Importantly, Appellant also signed the following declaration regarding his rights and choices: "I have carefully read the above statement and I am aware that the above decisions were mine alone to make. I have knowingly and voluntarily made the choices noted above." In addition to the advisement and decision memoranda, we have also reviewed Appellant's PTA and providence inquiry. We find Appellant's claims incredible. However, we need not decide the issue of deficient performance because it is apparent to us that any alleged deficiency caused no prejudice to Appellant.

The Government's case against Appellant, consisting of A1C AN's account and Appellant's text message admissions and confession to the police, was overwhelming. Appellant's trial defense counsel quite reasonably explored and successfully obtained a favorable PTA for Appellant. Appellant faced the possibility, if convicted, of 30 years of confinement. The PTA limited the period of confinement to 30 days. As the military judge sentenced Appellant to 12 months of confinement, Appellant received a significant benefit from the PTA. Even assuming that Appellant's allegations that his trial defense counsel were deficient in their performance are true, we find no reasonable probability that, but for counsel's errors, Appellant would have pleaded not guilty and would have insisted on going to trial. We find no prejudice and thus no ineffective assistance of counsel.

## B. Providency of Plea

Appellant asserts "there is a substantial question regarding whether his plea was [provident]" because the military judge failed to fulfill the responsibility to ensure that Appellant "made his plea decision knowingly, consciously, and intelligently with knowledge that sex offender registration would be an 'automatic result' of his plea and a 'severe penalty.'" We disagree.

"A military judge's decision to accept a guilty plea is reviewed for an abuse of discretion." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008) (quoting *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996)) (additional citations omitted). An abuse of discretion occurs when there is "something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *Id*. In *United States v. Miller*, where the appellant asserted he was unaware of sex offender registration requirements, the Court of Appeals for the Armed Forces (CAAF)

4

found the military judge did not abuse his discretion in accepting the guilty plea, but provided a "prospective rule . . . to address the importance of trial defense counsel explaining the sex offender registration requirement to an accused." 63 M.J. 452, 459 (C.A.A.F. 2006).

> For all cases tried later than ninety days after the date of this opinion, trial defense counsel should inform an accused prior to trial as to any charged offense listed on the DoD Instr. 1325.7 Enclosure 27: Listing of Offenses Requiring Sex Offender Processing. Trial defense counsel should also state on the record of the court-martial that counsel has complied with this advice requirement. While failure to so advise an accused is not per se ineffective assistance of counsel, it will be one circumstance this Court will carefully consider in evaluating allegations of ineffective assistance of counsel.

*Id.* (footnote omitted).

As the CAAF later explained in *Riley*, defense counsel must inform the accused of any sex offender registration requirements that are a consequence of a guilty plea, "but it is the military judge who bears the ultimate burden of ensuring that the accused's guilty plea is knowing and voluntary." 72 M.J. at 122. In *Riley*, the CAAF found "that the military judge abused his discretion when he accepted [the appellant's] guilty plea without questioning defense counsel to ensure [the appellant's] knowledge of the sex offender registration consequences of her guilty plea to kidnapping a minor." *Id.*

In this case, both trial defense counsel and the military judge fulfilled their respective obligations to ensure Appellant knew the sex offender registration consequences of his guilty plea. In accordance with *Miller,* Appellant was informed of the requirement for sex offender registration prior to pleading guilty. In preparation for trial, Appellant's trial defense counsel advised Appellant in writing of sex offender registration requirements in the event Appellant was convicted of or pleaded guilty to a sex offense. Appellant acknowledged by his signature that he had read and understood the rights and obligations covered in the written advisement.

Prior to the acceptance of Appellant's guilty plea, in accordance with *Riley*, the military judge inquired as to whether Appellant had been advised by trial defense counsel with regard to sex offender registration requirements:

> MJ [Military Judge]: Defense counsel, have you advised [Appellant] prior to trial of the sex offender reporting registration requirements resulting from a finding of guilty to the Charge and Specification?

> ADC [Trial Defense Counsel]: Yes, Your Honor.

> MJ: Do [sic] have this documented in a document and did you want that entered into the appellate record?
>
> ADC: Your Honor, we have it documented, but no we don't want to put it in the appellate record.[2]

Moments later, the military judge addressed Appellant to ensure Appellant, having been advised of the consequences of pleading guilty, still desired to plead guilty. After conferring with his trial defense counsel, Appellant informed the military judge that he still wanted to plead guilty. The military judge subsequently found Appellant's guilty plea provident and accepted it.

The issue of sex offender registration requirements did not come up again until the post-trial processing of Appellant's case. In the clemency request submitted by Appellant's counsel, the convening authority was requested to "[p]lease consider that [Appellant] took responsibility for his actions knowing full well that the consequences would include both a dishonorable discharge and *sex offender registration*." (Emphasis added).

Having reviewed the record, we find nothing with regard to the factual basis or the law that would raise a substantial question regarding Appellant's guilty plea. Nonetheless, Appellant invites this court to impose a strict obligation on a military judge before accepting a guilty plea to conduct a colloquy with the accused regarding sex offender registration—similar to inquiries that ensure an accused understands the consequences of entering a stipulation of fact, the terms of a PTA, or, for a non-United States citizen accused, the potential for deportation. We decline the invitation. While such a colloquy would certainly buttress a conclusion that an accused's guilty plea was knowing and voluntary, we refuse to strictly require any such colloquy beyond what is compelled by *Riley*. Instead, we will continue to hold military judges to their burden of ensuring that an accused's guilty plea is knowing and voluntary. The military judge did so in this case. Appellant's guilty plea was provident.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

---

[2] As a result of Appellant's ineffective assistance of counsel claim, trial defense counsel submitted responsive declarations and attached several written advisements which were subsequently attached to the record; thus the record now contains a three-page *Miller* advisement entitled "Sex Offender Registration Requirement" signed by Appellant.

Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court