# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39372**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Quyen Q. TRAN**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 17 April 2019

————————————

*Military Judge:* Ryan A. Hendricks (motions); Jefferson B. Brown (trial).

*Approved sentence:* Dishonorable discharge, confinement for 4 years, forfeiture of all pay and allowances, reduction to E-1. Sentence adjudged 26 September 2017 by GCM convened at Offutt Air Force Base, Nebraska.

*For Appellant:* Major Dustin J. Weisman, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Lieutenant Colonel G. Matt Osborn, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, DENNIS, and LEWIS, *Appellate Military Judges*.

Judge LEWIS delivered the opinion of the court, in which Senior Judge JOHNSON and Judge DENNIS joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

LEWIS, Judge:

Appellant, in accordance with his pleas and pursuant to a pretrial agreement, was found guilty by a military judge of one specification of wrongful

possession of child pornography and one specification of wrongful distribution of child pornography, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934.[1] The military judge sentenced Appellant to a dishonorable discharge, four years of confinement, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

Appellant raises one issue on appeal of whether the military judge's one-question colloquy with Appellant's trial defense counsel on the consequences of sex offender registration fulfilled the military judge's responsibilities under *United States v. Riley*, 72 M.J. 115 (C.A.A.F. 2013). We find no error and affirm.

## I. BACKGROUND

Appellant downloaded images and videos of child pornography using file sharing software at his on-base house at Offutt Air Force Base, Nebraska, between 30 October 2014 and 24 May 2016. Appellant searched for the images and videos using terms synonymous with "child pornography." Appellant downloaded the images and videos and saved them on an external hard drive, a desktop computer, a laptop computer, and a cell phone. He viewed the videos using media player software. The file names of many of the images and videos included descriptive terms indicating the contents would depict children, some as young as 6 years old, engaged in sexually explicit conduct. The National Center for Missing and Exploited Children later determined 133 of Appellant's files depicted known children engaging in sexually explicit conduct.

On 26–27 April 2016, an officer with the Lincoln, Nebraska, Police Department observed an Internet Protocol (IP) address downloading images and videos of child pornography. The officer used file sharing software and partially downloaded four files of child pornography from the IP address. The officer was able to partially download the files because the settings on the user's file sharing software permitted others to download the user's files.

The IP address and partially downloaded files were referred to Detective RH of the Bellevue, Nebraska, Police Department for further investigation. Detective RH obtained a subpoena for the Internet service provider, which confirmed the IP address belonged to Appellant. On 24 May 2016, Appellant's electronic devices were seized by agents from the Air Force Office of Special Investigations pursuant to a search authorization. At trial, Appellant pleaded guilty to wrongfully possessing 133 images and videos of child pornography

---

[1] The military judge found Appellant guilty of both Article 134 specifications by exceptions and substitutions, which adjusted the beginning date of both specifications from "on or about 1 January 2014" to "on or about 30 October 2014."

and to wrongfully distributing the 4 files of child pornography that Detective RH downloaded from Appellant's computer via file sharing software.

## II. DISCUSSION

### A. Additional Background

Prior to acceptance of Appellant's plea of guilty, the military judge asked trial defense counsel, "did you advise [Appellant] prior to trial of the sex offender reporting and registration requirements resulting from a finding of guilty to this charge?" Trial defense counsel replied, "Yes, Your Honor." The military judge and trial defense counsel did not discuss whether it was appropriate to attach the contents of the advice to the record of trial as an appellate exhibit. After confirming that Appellant was a United States citizen, the military judge told Appellant to "[t]ake a moment now and consult with your defense counsel and then tell me whether you still want to plead guilty." Appellant conferred with his trial defense counsel. The military judge then asked, "Do you still want to plead guilty?" Appellant stated, "Yes, your Honor."

Appellant now argues that the military judge failed to ensure he fully appreciated the consequences of sex offender registration from his guilty plea.[2] Appellant invites us to find that the judge's failure to discuss the matter with him directly raises a substantial basis to question the providence of Appellant's guilty plea. Appellant contends that the military judge's colloquy on sex offender registration must be "on par with the Benchbook's recommended colloquy on deportation for non-citizens." *See Military Judges' Benchbook*, Dept. of the Army Pamphlet 27–9 at 28 (10 Sep. 2014). We disagree.

### B. Law

"A military judge's decision to accept a guilty plea is reviewed for an abuse of discretion." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008) (quoting *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996)) (additional citations omitted). An abuse of discretion occurs when there is "something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *Id.*

In *United States v. Miller*, where the appellant asserted he was unaware of sex offender registration requirements, the United States Court of Appeals for

---

[2] Appellant does not raise an ineffective assistance of counsel claim against his trial defense counsel or insinuate that his counsel's advice on sex offender registration and reporting was deficient in any way. *See Strickland v. Washington*, 466 U.S. 668 (1984) (setting forth the standard for ineffective assistance of counsel claims). However, Appellant avers it is "irrelevant whether trial defense counsel fully advised [him]" because of the military judge's independent duty to ensure a provident plea.

the Armed Forces (CAAF) found the military judge did not abuse his discretion in accepting the guilty plea, but provided a "prospective rule . . . to address the importance of trial defense counsel explaining the sex offender registration requirement to an accused":

> For all cases tried later than ninety days after the date of this opinion, trial defense counsel should inform an accused prior to trial as to any charged offense listed on the DoD Instr. 1325.7 Enclosure 27: Listing Of Offenses Requiring Sex Offender Processing. Trial defense counsel should also state on the record of the court-martial that counsel has complied with this advice requirement. While failure to so advise an accused is not per se ineffective assistance of counsel, it will be one circumstance this Court will carefully consider in evaluating allegations of ineffective assistance of counsel.

63 M.J. 452, 459 (C.A.A.F. 2006) (footnote omitted).

As the CAAF later explained in *Riley*, defense counsel must inform the accused of any sex offender registration requirements that are a consequence of a guilty plea, "but it is the military judge who bears the ultimate burden of ensuring that the accused's guilty plea is knowing and voluntary." 72 M.J. at 122. In *Riley*, the CAAF found "that the military judge abused his discretion when he accepted [the appellant]'s guilty plea without questioning defense counsel to ensure [the appellant]'s knowledge of the sex offender registration consequences of her guilty plea to kidnapping a minor." *Id.*

**C. Analysis**

The trial transcript reflects that trial defense counsel advised Appellant of the consequences of his plea of guilty on sex offender registration and reporting. We rejected a prior invitation to "impose a strict obligation on a military judge before accepting a guilty plea to conduct a colloquy with [the appellant] regarding sex offender registration" similar to the colloquy conducted on the potential for deportation when the appellant is a non-United States citizen. *United States v. Jamison*, No. ACM 39270, 2018 CCA LEXIS 491, at *11 (A.F. Ct. Crim. App. 12 Oct. 2018) (unpub. op.). We see no reason to impose such a strict obligation in Appellant's case.

We find the military judge's colloquy, as conducted, satisfied all legal requirements. *See Riley*, 72 M.J. at 122. In *Riley*, unlike in the present case, "[t]he record [was] completely devoid of any reference to sex offender registration." *Id.* We agree with the Government that *Riley* does not require a direct exchange between the military judge and Appellant. Additionally, we cannot discern any differences between the inquiry by the military judge in Appellant's case with the inquiry from the Benchbook, which the CAAF noted

"accurately reflects the *Miller* and *Padilla [v. Kentucky*, 559 U.S. 356, (2010)] line of cases." *See id.* (citation omitted); *see also Benchbook*, at 28.

Additionally, from our review of the record of trial, we find that the military judge had no factual basis to question Appellant's plea of guilty. The military judge had no reason to believe trial defense counsel provided Appellant incomplete or incorrect advice on sex offender registration and reporting.

We continue to hold military judges to their burden of ensuring that an accused's guilty plea is knowing and voluntary. The military judge did so in this case. We find no abuse of discretion and conclude that Appellant's guilty plea was provident.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c) (2016). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court