# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JONATHAN D. PEREZ**
**United States Army, Appellant**

ARMY 20140117

Headquarters, United States Army Alaska
Jeffery D. Lippert, Military Judge
Colonel Tyler J. Harder, Staff Judge Advocate

For Appellant:  Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Brian D. Andes, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Major Daniel D. Derner, JA; Captain Christopher A. Clausen, JA (on brief).

29 February 2016

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of one specification of willfully disobeying a superior commissioned officer and two specifications of abusive sexual contact, in violation of Articles 90 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 920 (2012) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for four months, and reduction to the grade of E-1.  The convening authority approved the findings and sentence as adjudged.

We review appellant's case pursuant to Article 66, UCMJ.  We have considered matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), one of which merits discussion and relief.  The other matters are without merit.  Appellant assigns one error which warrants discussion but no relief.

## A. Providency to Abusive Sexual Contact

Appellant pleaded guilty to and was convicted of, *inter alia*, abusive sexual contact on two occasions upon Mrs. HLP, by "touch[ing] her buttocks and genitals with his hand." Specification 1 of Charge II involved sexual contact when appellant "knew or reasonably should have known that Mrs. HLP was asleep," and Specification 2 of Charge II involved sexual contact "by causing bodily harm." The stipulation of fact for both offenses described the touching as "direct touching and touching through the clothing of Mrs. HLP's genitalia, buttocks, and breasts." The military judge defined the term sexual contact as "touching or causing another person to touch, either directly or through the clothing, the genitalia, anus, groin, breast, inner thigh, or buttocks of any person." Notably, the government did not charge appellant with unlawful touching of Mrs. HLP's breasts, although the stipulation of fact did include those facts.

In the providence inquiry between the accused and military judge, the accused initially stated for Specification 1 of Charge II: "I would put my hands on her breasts. I knew that she was asleep. I touched her breasts and butt in order to mess with my wife." Later in the inquiry for the same specification, the military judge and the accused discussed the touching as follows:

> MJ: On this occasion, you did not touch her groin?
>
> ACC: Um, no – I would not go – I would touch my wife, I would put my hands down by her panty line – she has a tattoo there, it's like right above her genitals, and I would just put my hand there and mess with that.
>
> [. . .]
>
> MJ: And her tattoo was where exactly?
>
> ACC: Right above her genitals.
>
> [. . . ]
>
> MJ: Specialist Perez, I'd like you to stand up for me and indicate to me on your body where your wife's tattoo was that you were touching or fondling.
>
> ACC: [Stands up.] My wife's tattoo is right above her genitals, like maybe half an inch, sir [indicating his groin area].

> MJ: Is it above or below where her pubic hair would be?
>
> ACC: It was dead center, sir.
>
> MJ: Okay. All right. So, it's on her pubic mound?
>
> ACC: Yes, sir. It's just right there, sir.
>
> MJ: Right there. Okay. You can sit down. Thank you. The accused indicated an area in the groin area.

After the government and the defense agreed on the judge's description of the appellant's physical posturing, the providence inquiry moved on to Specification 2 of Charge II. The appellant described his conduct as "I would play with my wife's bust and butt and put my hands at her panty line to mess with her." When pointing out the discrepancy in the stipulation of fact, the military judge noted:

> MJ: Okay. The next sentence says, "When they got into disagreements, the accused would force his hands down Mrs. HLP's pants, touching her buttocks and genitals." Is that accurate?
>
> ACC: I mean when we got into disagreements, I would try to leave the house. When I got mad, I like going for a drive. I don't want to touch my wife, I don't want to see my wife.

The military judge then asked appellant, "So that's not entirely accurate?" And appellant responded "No, sir." Shortly thereafter, the judge described the appellant's conduct as "you touched her on her buttocks and on her breasts and in her groin area when she was awake, even though you believed that she didn't want you to touch her." Appellant agreed with the military judge's description. The accused also agreed with the military judge's final description as "you touched your wife's buttocks and genitals, which would be her groin area, around the area we discussed where her tattoo is, without her consent."

In matters raised pursuant to *Grostefon*, appellant contends "the military judge erred in accepting appellant's guilty plea to Specifications 1 and 2 of Charge II, abusive sexual contact, where appellant states he never touched Mrs. HLP's genitals as charged." We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008) (citing *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996)). A guilty plea will only be set aside if we find a substantial basis in law or fact to question the plea. *Id.* (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). We

3

apply this "substantial basis" test by determining whether the record raises a substantial question about the factual basis of appellant's guilty plea or the law underpinning the plea. *Id.*; *see also* UCMJ art. 45(a); Rule for Courts-Martial [hereinafter R.C.M.] 910(e).

We agree with appellant that "genitals" is not the same as "groin" or "groin area" as described by the military judge. The military judge's Benchbook does not expressly define "genitals," but it does define "female sex organ" as "includes not only the vagina, which is the canal that connects the uterus to the external genital opening of the genital canal, but also the external genital organs including the labia majora and the labia minora. 'Labia' is the Latin and medically correct term for 'lips.'" Dep't. of Army, Pam. 27-9, Legal Services: Military Judge's Benchbook [hereinafter Benchbook], para. 3-45-1(d) (10 Sept. 2014). In the creation of Article 120, Congress expressly delineated genitalia and groin in defining sexual contact. *See* 10 U.S.C. § 920(g)(2)(A) (2012). "A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void, or insignificant." *Corley v. United States*, 556 U.S. 303, 314 (2009), see also 2A Norman J. Singer & J. D. Shambie Singer, *Sutherland Statutes and Statutory Construction* § 46:6, 245 (7th ed. 2014).

Because of the differentiation by Congress in Article 120 of "genitalia" and "groin," for either the military judge or this court to substitute "groin" for the charged "genitals" would constitute a material, and possibly fatal, variance. *See generally, United States v. Treat*, 73 M.J. 331 (C.A.A.F. 2014). Here, the military judge failed to elicit a sufficient factual basis of appellant touching Mrs. HLP's genitals. Accordingly, we will set aside "genitals" in the affected specifications in our decretal paragraph.

**B. Dilatory Post-Trial Processing**

The convening authority took action 357 days after the sentence was adjudged. Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the alleged dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

Here, significant delay was caused by a late submission of R.C.M. 1105 matters (Post-Trial Matters) from the defense counsel. Furthermore, there is no

evidence appellant demanded speedy post-trial processing until submission of those same Post-Trial Matters, 330 days after appellant's court-martial. We decline to grant relief under these circumstances.

## CONCLUSION

The court affirms only so much of the finding of guilty of Specification 1 of Charge II as finds that:

> [Appellant], U.S. Army, did, at or near Joint Base Elmendorf-Richardson, between on or about 01 June 2012 and on or about 21 August 2013, commit sexual contact upon Mrs. HLP, to wit: touch her buttocks with his hand, when the accused knew or reasonably should have known that Mrs. HLP was asleep.

The court affirms only so much of the finding of guilty of Specification 2 of Charge II as finds that:

> [Appellant], U.S. Army, did, at or near Joint Base Elmendorf-Richardson, between on or about 01 June 2012 and on or about 21 August 2013, commit sexual contact upon Mrs. HLP, to wit: touch her buttocks with his hand, by causing bodily harm to her, to wit: the non-consensual touching of Mrs. HLP with his hand.

The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986) and *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), we are confident the military judge would have adjudged at least as severe a sentence as that which the convening authority ultimately approved. The approved sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of those findings set aside and dismissed by this decision are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court